**Benjamin Clay HAYNES, Appellant**

v.

**Donnia Lenn HAYNES, Appellee.**

**No. 05–04–01007–CV.**

Court of Appeals of Texas, Dallas.

Jan. 5, 2006.

James F. Newth, Dallas, for Appellant.

Richard Robertson, Koons, Fuller, Vanden Eykel & Robertson, and Allen R. Griffin, Plano, William J. Akins and Brad M. Lamorgese, Cooper & Scully, P.C., Dallas, for Appellee.

Before Justices WRIGHT, MOSELEY, and LANG.

## OPINION

Opinion by Justice MOSELEY.

In this appeal, we determine whether the trial court properly entered a divorce decree based on a mediated settlement agreement. Benjamin Clay Haynes (Husband) appeals the trial court's division of property in the divorce decree granted in this suit for divorce brought by Donnia Lenn Haynes (Wife). In a single point of error, Husband argues the trial court erred by entering a divorce decree that modified the terms of the mediated settlement agreement between Husband and Wife. We affirm the trial court's judgment.

During the course of this divorce suit, the parties mediated and reached a written mediated settlement agreement. The agreement was signed by the parties and their attorneys, filed with the trial court, and states "THIS AGREEMENT IS NOT

SUBJECT TO REVOCATION." Attached to the agreement were several pages of terms relating to the custody and support for the parties' minor child. Also attached was a single page spreadsheet with *"Haynes v. Haynes Property division"* handwritten at the top of the page. This spreadsheet listed several assets, their net value, and contained two columns dividing the value between Husband and Wife. The total property division was approximately sixty percent to Wife and forty percent to Husband. Attached to the property division was a single sheet handwritten division of liabilities between Husband and Wife. The main settlement agreement provided that its terms would be incorporated in a final decree of divorce following the forms published in the Texas Family Law Practice Manual and prepared by Wife's attorney. The agreement also provided that other closing documents would be prepared by the attorney for the party who would benefit thereby and would follow the practice manual forms. Any disputes regarding the interpretation or performance of the agreement, including the necessity and form of closing documents, were to be resolved by a conference call with the mediator and where possible by reference to the practice manual forms.

The primary dispute involves the division of Husband's non-transferable employee stock options. The property division spreadsheet listed these simply as "options" with a net value that was divided sixty percent to Wife and forty percent to Husband. Wife's attorney prepared an agreed final divorce decree containing detailed procedures for the exercise and division of the stock options and making Husband constructive trustee for the options awarded to Wife. Husband never withdrew his consent to the settlement agreement, but neither he nor his attorney signed the proposed final divorce decree. At a hearing on Wife's motion to enter the decree,

Husband objected to the procedures relating to the options because they imposed additional duties, liabilities, and burdens on him. The trial court took the case under advisement and later signed the proposed decree with some modifications. Husband appeals.

Husband argues he never agreed to the specific terms of the decree regarding the stock options such as the constructive trust, the terms relating to the exercise of the options by Wife, and the tax issues involved with exercise of the options. He states the settlement agreement is silent on these and other details included in the divorce decree. He concludes the trial court erred in entering the divorce decree because the court had no authority to enter a judgment that varied from the terms of the mediated settlement agreement. *See Garcia–Udall v. Udall,* 141 S.W.3d 323, 332 (Tex.App.-Dallas 2004, no pet.).

The trial court must make a just and right division of marital property in a divorce proceeding. TEX. FAM.CODE ANN. § 7.001 (Vernon 1998). The trial court must also determine the rights of both spouses in any employee stock options. *Id.* § 7.003. The property division may be accomplished in three ways: (1) the trial court is authorized, on granting a divorce, to partition the estate of the parties; (2) a property settlement agreement may be set forth in the decree; or (3) a property settlement agreement may be incorporated by reference in the decree. *Id.* § 7.006; *Clanin v. Clanin,* 918 S.W.2d 673, 677 (Tex.App.-Fort Worth 1996, no writ). Here, the property settlement portion of the mediated settlement agreement was set out in the divorce decree.

The decree recites that the options are not transferable and may be exercised only by Husband. Husband does not dispute this fact in his brief. The decree awards

Wife sixty percent of the options, but provides that the options will remain in Husbands name, with Husband as constructive trustee for Wife's options. The decree also provides for Wife's exercise of her options by written directions to Husband, and for various events that might affect the options such as buy-out offers, substitute options, and stock splits. The decree provides for handling any tax liability associated with the options and limits Husband's ability to take certain actions relating to the options without Wife's consent. The proceeds from the exercise of Wife's options were to be paid to her after Husband deducted and paid any taxes attributable to the options and required Wife to reimburse Husband in the event the actual tax liability for the exercise of her options was more than the amount withheld from the proceeds.

■ Husband does not dispute the settlement agreement, but argues the divorce decree adds terms he did not agree to. However, to be an enforceable agreement:

> The law does not require the parties to dictate and agree to all of the provisions to be contained in all of the documents necessary to effectuate the purposes of the agreement; it only requires the parties to reach an agreement as to all material terms of the agreement and prevents the trial court from supplying additional terms to which the parties have not agreed.

*McLendon v. McLendon,* 847 S.W.2d 601, 606 (Tex.App.-Dallas 1992, writ denied). Terms necessary to effectuate and implement the parties' agreement do not affect the agreed substantive division of property and may be left to future articulation by the parties or consideration by the trial court. *See id.*

Here, the parties agreed to the material terms of the property division. They agreed to a specific division of their property, but they did not specify the mechanisms to implement and effectuate that division. They also agreed to execute additional documents and a divorce decree following the forms in the family practice manual. The property division spreadsheet merely allocated the value of the options between Husband and Wife. The decree includes provisions giving effect to the agreement that the non-transferable stock options would be divided between Husband and Wife. While silent on the mechanics of this division, the agreement reflects an intent to divide the options and the decree is consistent with that intent.

■ Similarly, the parties did not specify the manner in which their home would be conveyed, by general warranty deed, special warranty deed, or quitclaim deed; they simply agreed the home would be awarded to Wife. Husband does not challenge that the divorce decree requires him to execute a special warranty deed to Wife of his interest in the home. Nor does he complain about other provisions in the divorce decree requiring him to execute documents necessary to transfer title to vehicles or stock awarded to Wife even though these specific provisions were not mentioned in the settlement agreement. A trial court has no power to supply terms not previously agreed to by the parties; however, the parties here agreed to the material terms of their property division and nothing in the divorce decree varies from that agreement. The divorce decree's provisions implementing and effectuating the agreed division of the options do not vary the terms of the mediated settlement agreement; rather, they carry those terms into effect. Thus, the trial court did not supply terms to which the parties had not agreed.

Husband objects to the provisions in the divorce decree regarding income tax returns for the year of divorce and indemnity for undisclosed debts and obligations. Parties agreed to sign a divorce decree incorporating the terms of the agreement and following the forms in the practice manual. The provisions in the decree regarding tax returns for the year of divorce and indemnity for any undisclosed debts follow the forms published in the practice manual. These provisions are consistent with the mediated settlement agreement.

We overrule Husband's sole point of error. The judgment of the trial court is affirmed.