**Katy ENGINEER, Appellant,**

v.

**Mike ENGINEER, Appellee.**

**No. 14–03–00660–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

Jan. 31, 2006.

Logene L. Foster, Sugar Land, Shawn Russel Casey, Houston, for appellants.

Martin Dale Carden, Richmond, Sallee S. Smyth, Houston, for appellees.

Panel consists of Justices YATES, EDELMAN, and GUZMAN.

## OPINION

RICHARD H. EDELMAN, Justice.

In this divorce action, Katy Engineer ("Katy") appeals the divorce decree (the "decree") on the grounds that its property division: (1) failed to include certain requirements contained in the parties' mediated settlement agreement (the "agreement"); and (2) disregarded portions of the arbitrator's award (the "award") without complying with the statutory requirements for modifying an arbitration award. We reverse and remand.

Katy's second and third issues are dispositive of the appeal. They contend that the trial court erred by failing to include in the decree the following provision of the agreement (the "alimony provision"), obligating Mike Engineer to pay

the parties' son, Eric, any remaining alimony payments in the event of Katy's death:

> *Taxable contractual alimony* from H[usband] (secured by all assets awarded to H[usband] herein). $4000 per month for 84 months starting July 1, 2001(1st each month) thereafter until paid. *(If W[ife] deceased-payments to continue to Eric until paid in full.)*

(emphasis added). Instead, the decree provides that "[Mike] is ordered to pay as spousal maintenance the sum of $4,000.00 per month to [Katy] ... for a total of 84 payments in the amount of $4,000.00 each."

To promote the amicable settlement of disputes in a suit for divorce, spouses may enter into a written agreement concerning the division of the property and the liabilities of the spouses and maintenance of either spouse. TEX. FAM. CODE ANN. § 7.006(a)-(c) (Vernon 1998). If the court finds that the terms of such an agreement are just and right, those terms are binding on the court. *Id.* § 7.006(b). If the court approves the agreement, the court may set forth the agreement in full or incorporate it by reference in the final decree. *Id.* Conversely, if the court finds that the terms of the agreement are not just and right, it may either request the spouses to submit a revised agreement or set the case for a contested hearing. *Id.* § 7.006(c). Therefore, a court may either enter a property division agreement in its entirety or decline to enter it at all, but has no discretion to change such an agreement before entering it. *See Matthews v.*

*Looney,* 132 Tex. 313, 317, 123 S.W.2d 871, 872 (1939). If an appellate court determines that the decree contains terms and provisions that were never agreed to by the parties, it must reverse the judgment and remand the cause. *Keim v. Anderson,* 943 S.W.2d 938, 946 (Tex.App.-El Paso 1997, no writ).

In this case, the agreement provided that disputes concerning the interpretation or performance of the agreement would be submitted to binding arbitration with the mediator. The trial court's finding of fact number 14 correctly describes the alimony provision in the agreement, but finding 22 indicates that disputes arose between the parties regarding certain (unspecified) terms of the agreement and that the parties participated in binding arbitration. Finding 55 states that the trial court did not conduct a trial on the merits and thus did not make any independent findings as to the property division. The trial court's conclusion of law number 15 states that the decree incorporates the agreement as modified and clarified in arbitration and as thereafter corrected and/or modified by the court upon proper pleadings and proof.

However, the alimony provision in the decree differs from that in the agreement, and the December 4, 2001 arbitration award that was incorporated into the decree does not address the alimony provision. Even though the alimony provision in the agreement is ambiguous,[1] the Family Code does not, as outlined above, authorize a court to modify an agreement (to resolve ambiguities or otherwise) before

---

1. For federal income tax purposes, alimony payments are included in the income of the payee and deductible from the income of the payor if, among other things, "there is no liability to make any such payment for any period after the death of the payee spouse and there is no liability to make any payment (in cash or property) as a substitute for such payments after the death of the payee spouse." 26 U.S.C.A. §§ 71(b)(1)(D), 215(b) (West 2002). In this case, the alimony provision in the agreement is contradictory in purporting to make the alimony taxable to Katy by referring to it as "Taxable contractual alimony," while precluding such tax treatment under section 71(b) by obligating Mike to make any remaining payments to Eric after Katy's death.

incorporating it into a decree.[2] Accordingly, we sustain Katy's second and third points of error and need not address her other challenges to the decree. The judgment of the trial court is reversed and the case is remanded to the trial court for further proceedings.

**2.** Even *after* a property division agreement has been incorporated into a decree, a court may only clarify it for greater specificity, but not substantive change. *See* Tex. Fam.Code Ann. §§ 9.006(a), (b), 9.007(a), (b), 9.008(b) (Vernon 1998). Although an agreement may sometimes be revised *by the parties* before rendition of the divorce, there is no allegation that the parties agreed to the change in the alimony provision in this case. *See id.* § 7.006(a).