Affirmed and Memorandum Opinion filed January 15, 2008








Affirmed
and Memorandum Opinion filed January 15, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-06-01099-CV

_______________

 

KATY ENGINEER, Appellant

 

V.

 

MIKE ENGINEER, Appellee

                                                                                                                                               


On Appeal from the 387th District Court

Fort Bend County, Texas

Trial Court Cause No. 99-CV-109487

                                                                                                                                               


 

M E M O R A N D U M   O P I N I O N

In this
divorce action, Katy Engineer appeals the amended divorce decree on the grounds
that the decree does not accurately reflect the mediated settlement agreement
and the arbitration award.  Our disposition is based on clearly settled law.
Accordingly, we issue this memorandum opinion and affirm.  See Tex. R. App. P. 47.4.








I.  Background

Katy and
Mike Engineer were divorced on September 16, 2002.  Katy appealed the final
divorce decree on the grounds that the decree did not incorporate all of the
provisions of the mediated settlement agreement and arbitration award.  In an
opinion issued January 31, 2006, this court found the alimony provision in the
decree differed from language in the agreement and the December 4, 2001
arbitration award that was incorporated into the decree did not address the
alimony provision.  Engineer v. Engineer, 187 S.W.3d 625, 626 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
This court sustained Katy=s challenge to the alimony provision in the decree and
further determined that it did not need to address her other challenges.  Id.
at 627.  The case was remanded to the trial court for further proceedings.  Id.


On
remand, the trial court signed a document entitled, AFinal Decree of Divorce After Remand.@  In that document, the trial court
amended the parties= divorce decree to conform to the December 4, 2001
arbitration award as it pertained to contractual taxable alimony.  In this
appeal, Katy contends the trial court erred in failing to further amend the
divorce decree to address other portions of the arbitration award, specifically
provisions relating to gold coins, savings bonds, and the place where alimony
payments should be sent.  

II.  Scope of Remand








Initially,
Katy argues the trial court failed to follow this court=s mandate because the trial court
corrected only the alimony provision in the decree.  Mike responds that the
trial court did not err in failing to address the provisions, which are the
subject of Katy=s complaints, because this court remanded the case only to
permit the trial court to amend the decree with regard to the contractual
alimony.  In our first opinion, we reversed and remanded Afor proceedings in accordance with
the court=s opinion.@  When an appellate court reverses and remands a case for
further proceedings, and the mandate is not limited by special instructions,
the effect is to remand the case to the lower court on all issues of fact, and
the case is re-opened in its entirety.  Hudson v. Wakefield, 711 S.W.2d
628, 630 (Tex. 1986); Brewer & Pritchard, P.C. v. Johnson, 167
S.W.3d 460, 465 (Tex. App.CHouston [14th Dist.] 2005, pet. denied).  Neither our opinion
nor mandate, provide special instructions to the trial court upon remand;
therefore, the case was re-opened in its entirety.  See Manon v. Solis,
142 S.W.3d 380, 386 (Tex. App.CHouston [14th Dist.] 2004, pet. denied).  The issue before
us, therefore, is whether the decree of divorce after remand accurately
incorporates the arbitration award.

III.  Arbitration Award

Katy
argues that the final arbitration award is the proposed AFinal Decree of Divorce@ submitted to the trial court by the
arbitrator on July 23, 2002.  Mike argues that the final arbitration award is a
document entitled, AFinal Arbitration Award@ signed by the arbitrator on December
4, 2001.  In its conclusions of law, the trial court found that the arbitrator=s Aproposed final decree of divorce
submitted on July 23, 2002 was not considered an arbitration award, implicating
the procedures of Chapter 171 of the Texas Civil Practice and Remedies Code.@[1]  In remanding the case to the trial
court, this court referred to the December 4, 2001 arbitration award as the operative
document.  Therefore, in order to address Katy=s issues, we will determine whether
the final divorce decree incorporates the provisions of the December 4, 2001
arbitration award.

IV.  Provisions of the Decree








The
trial court must make a just and right division of marital property in a
divorce proceeding.  Tex. Fam.
Code Ann. ' 7.001 (Vernon 1998).  To promote the
amicable settlement of disputes in a suit for divorce, spouses may enter into a
written agreement concerning the division of the property and the liabilities
of the spouses and maintenance of either spouse.  Tex. Fam. Code Ann.
' 7.006 (a)-(c) (Vernon 1998).  If the
court finds that the terms of such an agreement are just and right, those terms
are binding on the court.  Tex.
Fam. Code Ann. ' 7.006(b).  If the trial court
approves the agreement, the court may set forth the agreement in full or
incorporate it by reference in the final decree.  Id.  Conversely, if
the court finds that the terms of the agreement are not just and right, it may
either request the spouses to submit a revised agreement or set the case for a
contested hearing.  Tex. Fam.
Code Ann. ' 7.006(c).  Therefore, a court may
either enter a property division agreement in its entirety or decline to enter
it all, but has no discretion to change the agreement before entering it.  See 
Engineer, 187 S.W.3d at 626; Reppert v. Beasley, 943 S.W.2d 172, 174
(Tex. App.CSan Antonio 1997, no pet.).

In this
case, the agreement provided that disputes concerning interpretation or
performance of the agreement would be submitted to binding arbitration.  In
unchallenged conclusions of law, the trial court found that the decree
incorporates the agreement as modified and clarified in arbitration and as
thereafter corrected and/or modified by the court upon proper pleadings and
proof.  Katy complains that the trial court erred in failing to accurately
incorporate the agreement into the divorce decree.  Specifically, Katy argues
the provisions addressing allocation of the gold coins and savings bonds were
inaccurately incorporated.  Further, Katy complains that provisions in the
decree regarding the place for alimony payments do not reflect the arbitration
award.  

A.        Gold Coins








Attached
to the arbitration award are three exhibits listing the community property
awarded to each spouse and the property awarded to Katy as custodian for the
parties= son.  The gold coins are listed in
the property awarded to Mike and are described as the A[g]old coins purchased and stored in
the family safety deposit box.@  The final divorce decree awards the following property to
the husband: AAll household furniture, furnishings, fixtures, goods, art objects,
collectibles, appliances, and equipment in the possession of the husband or
subject to his sole control, including but not limited to any gold coins
purchased and stored in the family safety deposit box . . . said coins to be
delivered to Mike Engineer by (6/5/03) to M. Carden=s office.@

Katy
first argues that the trial court erred in the divorce decree by not including
a provision that she was to only relinquish the gold coins Ashould they be in existence.@  Katy bases her argument on the
arbitrator=s proposed final decree submitted to the court on July 23, 2002.  As
stated earlier, that document was not recognized by the trial court as an
arbitration award.  The arbitration award used by the trial court in preparing
the final divorce decree did not establish a procedure or qualify the
distribution of the gold coins.  

Second,
Katy complains of the trial court=s inclusion of specific terms
requiring her to deliver the gold coins to Mike, contending that this language
improperly imposes an affirmative obligation that the arbitrator did not
impose.  The Family Code does not require parties to agree to all of the
provisions to be contained in the divorce decree.  The law only requires the
parties to reach an agreement as to all material terms and prohibits the trial
court from supplying additional terms.  Haynes v. Haynes, 180 S.W.3d
927, 930 (Tex. App.CDallas 2006, no pet.).  Terms necessary to effectuate and
implement the parties= agreement do not affect the agreed substantive division of
property and may be left to future articulation by the parties or consideration
by the trial court.  Id.  

In this
case, the terms requiring Katy to deliver the gold coins on a date certain to a
specific location are properly denominated as essential to effectuate and
implement the agreement that Mike will receive the gold coins.  Therefore, with
regard to the gold coins, the arbitration award was accurately incorporated in
the decree.

 

 








B.        Savings Bonds

Katy
alleges that the decree varies from the arbitration award in the distribution
of savings bonds.  Again, Katy bases her argument on the July 23, 2002 document,
which we have determined was not an arbitration award.  In the December 4, 2001
document, the arbitrator awarded AEE Series Savings Bonds@ to Katy as custodian for the parties= child. In the corrected final
divorce decree, the AUS Series EE Savings Bonds@ were awarded to the parties= child Awith Katy Engineer trustee.@  The decree then listed the bonds by
number.  We find no variation between the December 4, 2001 award and the final
divorce decree.

C.        Alimony Payments

Katy
argues that the final decree varies from the arbitration award in that the
decree permits Mike to pay alimony at her residence instead of depositing the
amount in her checking account.  Katy further argues that the decree does not
provide security for the alimony as required by the arbitration award.  Again,
Katy relies on the July 23, 2002 document, which is not an arbitration award. 
The December 4, 2001 arbitration award is silent with regard to alimony. 
However, the parties= mediated settlement agreement states that Achild support [and] alimony to be
obligation of H[usband]=s estate.  The AFinal Divorce Decree After Remand@ provides that Mike is to pay
contractual alimony of $4000 per month to Katy at her residence.  The decree
further provides that alimony is to be secured by Mike=s 401(k) plan.








Although
the mediated settlement agreement required Mike to pay Katy alimony, the
parties did not agree to the manner and place of payment.  The trial court was
authorized to include terms in the decree to implement the parties= agreement, specifying the manner and
place of payment of alimony.  See McLendon v. McLendon, 847 S.W.2d 601,
606 (Tex. App.CDallas 1992, writ denied).  Further, contrary to Katy=s assertion, the decree provided that
alimony payments would be secured by Mike=s 401(k) plan.  Therefore, the trial
court did not err in the alimony provision of the decree.

In
conclusion, the final divorce decree does not vary from the terms of the
mediated settlement agreement or the arbitration award.  Accordingly, the
judgment of the trial court is affirmed.                                                              

 

 

/s/        Charles W. Seymore

Justice

 

Judgment rendered and Memorandum
Opinion filed January 15, 2008.

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.

 

 

 

 









[1]  Chapter 171 of the Texas Civil Practice and Remedies
Code generally prescribes the necessary requirements for a valid arbitration
agreement.