

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 02-14-00410-CV

---

GLENN ALEXANDER CLAMON                                        APPELLANT

V.

JEFFREY DELONG AND DENNIS                                      APPELLEES
HOLMES

----------

### FROM COUNTY COURT AT LAW NO. 3 OF TARRANT COUNTY
### TRIAL COURT NO. 2014-003040-3

----------

## OPINION

----------

### I. INTRODUCTION

Appellees Jeffrey DeLong and Dennis Holmes sought enforcement in Texas of a California default judgment they had obtained against Appellant Glenn Alexander Clamon. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.001–.008 (West 2015) (Uniform Enforcement of Foreign Judgments Act (UEFJA)). Clamon

subsequently filed this restricted appeal from the ensuing judgment raising three issues. *See* Tex. R. App. P. 30. We will affirm.

## II. BACKGROUND

Appellees Jeffrey DeLong and Dennis Holmes sued Clamon in California state court alleging certain statutory violations arising from Clamon's role in the sale of tax-resolution services to them. DeLong and Holmes obtained a $98,408.77 default judgment against Clamon. DeLong and Holmes then sought enforcement of the California judgment in Texas by filing with the Tarrant County Clerk a copy of the judgment and an affidavit with proof of mailing to Clamon. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 35.003–.004.

Clamon did not file a motion for new trial or other postjudgment motion attacking the California judgment during the Texas court's plenary power. Instead, he filed this restricted appeal. After filing his notice of appeal, Clamon filed a formal bill of exception with the trial court. *See* Tex. R. App. P. 33.2. In his bill of exception, Clamon argued that pleadings from the California court had been excluded from the record by the Texas trial court and should be included. The trial court signed an order refusing Clamon's bill of exception, noting that this case involved only the enforcement of a foreign judgment and that no evidence had been offered by Clamon or refused by the trial court.

2

### III. STANDARD OF REVIEW FOR RESTRICTED APPEALS

To prevail in a restricted appeal, an appellant must establish that (1) he filed notice of the restricted appeal within six months after the judgment was signed, (2) he was a party to the underlying lawsuit, (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any postjudgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004). Here, the first three requirements of a restricted appeal are not in dispute. We thus turn to the issue of whether error is apparent on the face of the record.

The face of the record in a restricted appeal consists of the papers on file with the trial court when judgment was rendered. *Midstate Envtl. Servs., LP v. Peterson*, 435 S.W.3d 287, 289 (Tex. App.—Waco 2014, no pet.); *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). Thus, for purposes of a restricted appeal, we may not consider evidence unless it was before the trial court when it rendered judgment. *Gen. Elec. Co. v. Falcon Ridge Apartments*, 811 S.W.2d 942, 944 (Tex. 1991); *Campsey*, 111 S.W.3d at 771. If extrinsic evidence is necessary to challenge a judgment, the appropriate remedy is to file a motion for new trial or a bill of review proceeding in the trial court. *Gen. Elec. Co.*, 811 S.W.2d at 944.

## IV.  APPLICABLE LAW

### A.  Concerning Enforcement of Foreign Judgments

Under the United States Constitution, a state must give the final judgment of a sister state the same force and effect that it would give to its own judgments. *See* U.S. Const. art. IV, § 1.  In Texas, this principle is embodied in the UEFJA. When a judgment creditor files an authenticated copy of a foreign judgment, he satisfies his burden of presenting a prima facie case for enforcement under the UEFJA, and the burden of establishing why the judgment should not be given full faith and credit shifts to the judgment debtor.  *Jonsson v. Rand Racing, L.L.C.*, 270 S.W.3d 320, 323–24 (Tex. App.—Dallas 2008, no pet.); *Minuteman Press Int'l, Inc. v. Sparks*, 782 S.W.2d 339, 340–41 (Tex. App.—Fort Worth 1989, no writ).  The fact that a foreign judgment was taken by default does not defeat this presumption of validity.  *Markham v. Diversified Land & Expl. Co.*, 973 S.W.2d 437, 439 (Tex. App.—Austin 1998, pet. denied); *Minuteman*, 782 S.W.2d at 342.

When a judgment creditor proceeds under the UEFJA, the filing of the foreign judgment comprises both the plaintiff's original petition and the final judgment.  *Walnut Equip. Leasing Co. v. Wu*, 920 S.W.2d 285, 286 (Tex. 1996). Accordingly, the filing initiates the enforcement proceeding and instantly creates a Texas judgment that is enforceable.  *Id.*

### B.  Concerning Formal Bills of Exception

A formal bill of exception exists when a trial court refuses to admit evidence and the complaining party then provides the excluded evidence for

4

appellate review. *Sparks v. Booth*, 232 S.W.3d 853, 870 (Tex. App.—Dallas 2007, no pet.). The purpose behind a bill of exception is to put excluded evidence in the record so that the appellate court can determine if the trial court erred in excluding it or erred in ruling in some way materially related to the evidence. *Gray v. Gray*, 971 S.W.2d 212, 218 (Tex. App.—Beaumont 1998, no pet.).

A formal bill of exception must be presented to the trial court for approval and signature. Tex. R. App. P. 33.2(c)(1). While no form or words are required for making a bill of exception, "the objection to the court's ruling or action, and the ruling complained of, must be stated with sufficient specificity to make the trial court aware of the complaint." Tex. R. App. P. 33.2(a). If the parties agree to the contents of the bill, the trial court must sign the bill and file it with the trial court clerk. Tex. R. App. P. 33.2(c)(2). If the parties do not agree to the contents, the trial court must (1) find the bill is correct, sign it, and file it with the trial court clerk; (2) suggest corrections to the complaining party, and if the complaining party agrees to the corrections, sign and file the bill with the trial court clerk; or (3) return the bill to the complaining party with the trial court's written refusal on it if the complaining party will not agree to the corrections. *Id.*

## V. APPLICATION OF THE LAW TO THE FACTS

In his first issue, Clamon asserts that the trial court erred by refusing to sign his formal bill of exception whereby he sought to include the pleadings from the California case in the record. The trial court's order refusing Clamon's formal

5

bill of exception specifically stated that Clamon's bill of exception was erroneous because it stated that "during the course of trial, the following matters were excluded." The order stated that "[i]n fact there was no trial of the cause" because "[t]his is a domestication of a foreign judgment, commenced by [Appellees] by filing the California judgment on June 13, 2014. On that date, the filing of the California judgment created a Texas judgment." The trial court found that Clamon did not offer evidence, that no evidence had been excluded, and that Clamon's formal bill of exception did not comply with rule 33.2(a) because it did not object to any ruling of the trial court concerning the domesticated judgment. *See* Tex. R. App. P. 33.2.

Here, the trial court properly refused to sign Clamon's formal bill of exception. When Appellees filed the California judgment pursuant to the UEFJA, that filing comprised both their original petition and the trial court's final judgment. *Walnut Equip.*, 920 S.W.2d at 286; *Whitehead v. Bulldog Battery Corp.*, 400 S.W.3d 115, 117 (Tex. App.—Dallas 2013, pet. denied). Once filed in Texas, the California judgment against Clamon was subject to the same rules and procedures as any Texas judgment. Tex. Civ. Prac. & Rem. Code Ann. § 35.003(c). But Clamon did not avail himself of Texas rules and procedures to challenge the domesticated judgment; he did not file any type of postjudgment motion attacking the validity or enforceability of the domesticated judgment. *Cf. Ward v. Hawkins,* 418 S.W.3d 815, 825 (Tex. App.—Dallas 2013, no pet.) (judgment debtor timely filed motion to stay enforcement of domesticated

6

judgment); *Moncrief v. Harvey*, 805 S.W.2d 20, 22 (Tex. App.—Dallas 1991, no writ) (judgment debtor filed motion to stay enforcement of domesticated judgment and appellate court noted that "any motion to contest the recognition of a foreign judgment, filed within thirty days after the filing of the foreign judgment, operates as a motion for new trial in the context of a section 35.003 proceeding"); *see also XTRA Lease LLC v. Genesis Truckyard, LLC*, No. 02-13-00404-CV, 2014 WL 6997326, at *1–3 (Tex. App.—Fort Worth Dec. 11, 2014, no pet.) (mem. op.) (judgment debtor timely filed motion to vacate domesticated Missouri judgment based on Missouri's alleged lack of personal jurisdiction and trial court granted the motion after an evidentiary hearing). In the absence of a trial, or an evidentiary hearing, an evidentiary ruling by the trial court and an objection by Clamon to the trial court's ruling, the trial court did not err by denying Clamon's post-notice-of-appeal formal bill of exception. *Accord* Tex. R. App. P. 33.2 (recognizing formal bill of exception must include "objection to the court's ruling"); *Sparks*, 232 S.W.3d at 870. We overrule Clamon's first issue.[1]

In his second and third issues, Clamon complains that the California court lacked personal jurisdiction over him and that he was not served in accordance with California law. In support of these two issues, Clamon points to documents he attached to his formal bill of exception. While these grounds may constitute a

---

[1]To the extent Clamon argues that the trial court erred by not offering suggestions as to how he could make a correct bill, we likewise overrule this contention; no suggestions exist that could make a bill of exception proper when neither a trial nor an evidentiary hearing were conducted.

7

valid basis for attacking a foreign judgment enforced under the UEFJA, Clamon mounted no such attack in the trial court. *Cf. XTRA Lease*, 2014 WL 6997326, at *1-3 (holding trial court did not abuse its discretion by vacating domesticated judgment on defendant's motion); *Ward*, 418 S.W.3d at 825 (holding trial court did not abuse its discretion by denying defendant's motion to vacate domesticated judgment); *Moncrief*, 805 S.W.2d at 22 (same). Because Clamon filed no postjudgment document or motion in the trial court attacking the validity or the enforceability of the domesticated judgment, the trial court never ruled on the validity or enforceability of the domesticated judgment nor substantively considered the documents attached to his bill of exception. Consequently, the documents attached to Clamon's bill of exception are not included in our restricted-appeal review of the face of the record. *See Midstate*, 435 S.W.3d at 289 (the face of the record consists of papers on file with the trial court when it rendered judgment); *Campsey*, 111 S.W.3d at 771 (same); *Stankiewicz v. Oca*, 991 S.W.2d 308, 311 (Tex. App.—Fort Worth 1999, no pet.) (for purposes of restricted appeals, the reviewing court is limited to reviewing the record as it existed in the trial court at the time the judgment was entered). Here, no error is apparent on the face of the record as it existed when the California judgment was enforced under the UEFJA and became a final judgment. We overrule Clamon's second and third issues.

## VI. CONCLUSION

Having overruled Clamon's three issues, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED: October 8, 2015