

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

————————————————

No. 02-19-00342-CV

————————————————

M.B., Appellant

V.

R.B., Appellee

———————————————————————————————————

On Appeal from the 325th District Court
Tarrant County, Texas
Trial Court No. 325-639896-18

———————————————————————————————————

Before Birdwell, Wallach, and Walker, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

This is a simple divorce case governed by a simple rule: because the case was contested, Appellant M.B. was entitled to 45 days' notice of the final hearing wherein the trial court signed the Final Decree of Divorce made the subject of this restricted appeal, even though she had signed the underlying mediated settlement agreement (MSA). Because the face of the record reveals she did not receive 45 days' notice of any final hearing from Appellee R.B., we reverse.

## Background

On April 30, 2018, M.B. petitioned for divorce from R.B., seeking, among other things, joint managing conservatorship with the exclusive right to designate the primary residence of their six children. R.B. timely filed an answer and general denial on July 16, 2018.

On November 11, 2018, at the conclusion of a half-day mediation, the parties entered into the MSA, as evidenced by their own signatures and their attorneys' signatures. The MSA specifically stated by way of introduction,

> The parties have agreed to the following to be incorporated into their **Final Decree of Divorce**. The parties understand and acknowledge this is a **full and final mediated settlement agreement.** This agreement will be reduced to writing pursuant to the Texas Family Law Manual by Attorney for Petitioner.[1] The agreement is as follows:

---

[1]Mediated settlement agreements often reference the forms published in the Texas Family Law Practice Manual as a means of their reduction to writing in a final decree. *See, e.g.*, *Haynes v. Haynes*, 180 S.W.3d 927, 929 (Tex. App.—Dallas 2006, no pet.) ("The main settlement agreement provided that its terms would be incorporated in a

2

**THIS AGREEMENT IS NOT SUBJECT TO REVOCATION:**

**The divorce is granted on the grounds of insupportability.**

**The parties understand that the terms of this mediated settlement agreement should be reduced to a final order.**

**The parties agree the division of property herein is fair and equitable to both parties.**

**The parties agree that the provisions herein are in the best interest of the children[.]**

On December 14, 2018, the mediator filed the MSA with the trial court, confirming with her cover letter that the attorney for M.B. was responsible for reducing the MSA to writing pursuant to the Texas Family Law Manual.

On January 30, 2019, the trial court sent the following notice of a March 22, 2019 dismissal docket to the parties in 152 cases, and one of those cases was the divorce case between M.B. and R.B.:

> In accordance with Rule 165a, the following cases have been placed on a dismissal docket and will be DISMISSED FOR WANT OF PROSECUTION on March 22, 2019 at 10:00 A.M. unless there is good cause for the case to be maintained on the docket, or the case has been tried or otherwise disposed of by order of the Court **PRIOR TO THAT DATE.**
>
> Failure to appear without excuse will result in the dismissal of the case for want of prosecution or finalization of this matter. **Any subsequent filings after the dismissal notice has been submitted WILL NOT**

---

final decree of divorce following the forms published in the Texas Family Law Practice Manual and prepared by Wife's attorney."); *Murphy v. Leveille*, No. 02-08-00130-CV, 2009 WL 2619857, at *1 (Tex. App.—Fort Worth Aug. 26, 2009, no pet.) (per curiam) (mem. op.) (observing mediated settlement agreement "provided that its terms would be incorporated into a final decree 'using the language of the Texas Family Law Practice Forms Manual'").

**remove the case from dismissal docket.** It will be necessary to contact the Court Coordinator if a case has subsequent filings OR your case will be dismissed. If a motion to retain is filed, as is required by some courts, it must be filed and set for hearing prior to the dismissal date.[2]

Specific to their divorce case, the trial court made the following additional note confirming its receipt of the MSA from the mediator: "MEDIATION AGREEMENT (12-14-18)." The notice went to the attorneys for both M.B. and R.B.

On March 18, 2019, the attorney for M.B. filed a motion to withdraw from her representation.[3] The motion affirmatively represented that her attorney served M.B. with a copy of the motion "by certified mail, return receipt requested as well as standard U.S. mail, and/or hand-delivery" and in doing so provided M.B. with notice of "the date time and location of the hearing on this Motion and of her right to object to the Motion." The motion also affirmatively made the following representation to the trial court:

> Pursuant to Rule 1.15(d), Texas [Disciplinary] Rules of Professional Conduct, steps have been or will be taken to the extent reasonably practicable to protect [M.B.]'s interest, including giving reasonable notice, allowing time for employment of other counsel, and surrendering papers and property to which [M.B.] is entitled which action will not result in

---

[2]*See In re L.R.*, 02-19-00377-CV, 2020 WL 6788933, at *3 (Tex. App.—Fort Worth Nov. 19, 2020, no pet.) (mem. op.) (quoting same dismissal docket notice language from same trial court in another restricted appeal).

[3]The Transaction Summary kept by the district clerk indicates that a motion for withdrawal of counsel had been previously filed on March 14, 2019, but that motion was not made a part of the clerk's record on appeal. As Exhibit C to the appendix of his brief, R.B. includes a file-marked copy of this motion; it is identical in substance to the motion filed four days later with the sole exception that it appears to omit the last known address for M.B.

4

prejudice to [M.B.], [her] rights, or ability to proceed in this suit after Movant's withdrawal and/or employment of counsel.

In a separate paragraph, the motion simply states, "None." Given the requirement that a withdrawal motion filed without designating a substituting attorney must state, among other things, all pending settings and deadlines, *see* Tex. R. Civ. P. 10, and the fact that there is no other reference to any pending setting or deadline in the motion, this statement appears to be an affirmative representation by M.B.'s attorney that there are no pending settings or deadlines. *See Gadberry Constr. Co. v. Raney*, No. 02-18-00263-CV, 2019 WL 3244519, at *1–2 (Tex. App.—Fort Worth July 18, 2019, no pet.) (mem. op.) (observing that disclosure of all pending settings and deadlines in motion to withdraw is mandatory). The motion makes no mention of the dismissal docket scheduled for four days later, and the record is silent as to whether the trial court ever conducted a hearing on the motion, let alone entered an order granting the relief sought therein.[4]

The very next day, on March 19, 2019, R.B. filed a Motion to Sign Final Decree of Divorce, attaching as an exhibit a proposed final decree. In the motion, R.B. complained that, although the attorney for M.B. was responsible for reducing the MSA to writing in the form of a final decree of divorce and had provided the initial draft on

---

[4]R.B. concedes in his brief that the attorney for M.B. filed motions to withdraw on March 14 and March 18, 2019, and, in a motion to dismiss for lack of jurisdiction which we previously denied, that neither motion was set for hearing or the subject of an order granting withdrawal.

January 18, 2019, he never responded to a revised draft proposed by R.B.'s attorney on February 22, 2019, resulting in his incurring additional attorney's fees for the latter's preparation of the proposed Final Decree of Divorce attached to the motion. The motion further observed that "[a]dditional fees will necessarily be incurred if and when a hearing becomes necessary on this motion." As a result, R.B. asked the trial court to order M.B. "to pay these reasonable attorney's fees" and, in addition to signing the proposed Final Decree of Divorce, render a judgment against her in favor of his attorney.

Critically, as suggested by R.B.'s request for attorney's fees due to the failure of M.B.'s attorney to respond, the proposed Final Decree of Divorce was not signed by either M.B. or her attorney; neither did R.B. or his attorney sign despite the presence of signature lines with names for both parties and both attorneys. This, despite a categorical representation that M.B. and R.B. both agreed to the divorce decree's terms, as was meant to be shown by their signatures and the signatures of their respective attorneys.

Moreover, despite receiving service of the motion to withdraw the previous day, R.B. served his motion solely upon M.B.'s attorney; a copy of the motion was not sent to M.B.'s last known address as disclosed by her attorney. R.B.'s motion made no mention of the dismissal docket scheduled to take place three days later. Nor did the motion include the certificate of conference mandated by Local Rule 4.01(12.2) of the

6

Tarrant County Rules for Disposition of Family Law Cases as a prerequisite for its setting for hearing. Tarrant (Tex.) Cty. Loc. R. 4.01(12.2).

Nevertheless, the attorney for R.B. submitted a proposed Notice of Hearing on Motion to Sign Final Decree of Divorce, which the trial court signed on March 20, 2019, thereby setting the motion for hearing at the exact same time as the dismissal docket two days later, on March 22, 2019, at 10:00 a.m. In addition to the absence of the mandatory certificate of conference for setting the hearing, nothing in the notice or in the record thereafter reflects actual service upon M.B. or her attorney.

On March 22, 2019, a presiding judge for one of the other family district courts in Tarrant County signed the Final Decree of Divorce.[5] In so signing, the judge confirmed, by the interlineation of the first line of the decree to strike the reference to a hearing and replace it with the notation that the trial court "considered the MSA" in

---

[5]Based upon multiple other signatures in the record, both original and facsimile, it appears that the signature on the Final Decree of Divorce is not that of the presiding judge of the trial court. Nor is the signature that of the associate judge of the trial court, given that the Local Rules and the Texas Family Code strictly circumscribe the authority of associate judges to render final judgments, and the record contains no order of referral signed by the presiding judge delegating such authority. Tex. Fam. Code Ann. §§ 201.005 (authorizing order of referral in the absence of an objection after appropriate notice to the parties), .006 (requiring the rendition of an order of referral; Tarrant (Tex.) Cty. Loc. R. 4.04(1) (authorizing referral consistent with Family Code provisions applicable to associate judges). Indeed, neither the notice for the dismissal docket nor the notice for the hearing on the motion to sign purport to refer either matter to the trial court's associate judge for final hearing. Given the Local Rules authorize "any other District Judge who so consents" to hear an agreed case and to enter a final judgment therein when the presiding judge is not available, *see* Tarrant (Tex.) Cty. Loc. R. 4.02(2), we can only conclude that is what occurred in this instance.

rendering final judgment, that the entry of the final decree was not the result of either of the hearings noticed for that date. Moreover, although this interlineation appears immediately above the recital of appearances confirming the absence of the parties by reason of their professed agreement to the terms of the decree, as evidenced by their signatures thereto, the rendering signature appears immediately above irrefutably blank signature lines for both the named parties ("APPROVED AND CONSENTED TO AS TO BOTH FORM AND SUBSTANCE:") and their named attorneys ("APPROVED AS TO FORM ONLY:"), thereby negating the evidence of agreement previously recited. Accordingly, except for the fact that M.B. neither appeared for the entry of the Final Decree of Divorce, nor signed the decree to evidence her agreement to its entry, the circumstances under which the decree was signed remain unclear.[6]

---

[6]Unfortunately, the court's docket sheet gives no clue under what circumstances the signing of the decree occurred. Tex. R. App. P. 34.5(a)(3) (prescribing the inclusion of "the court's docket sheet" as part of the clerk's record on appeal). Not only is there no entry memorializing the signing of the decree, but the docket sheet is also devoid of any case management entry whatsoever, including one recording the identity of and contact information for R.B.'s attorney gleaned from the filing of his original answer. Tex. R. Civ. P. 26 ("Each clerk shall also keep a court docket in a permanent record that shall include the number of the case and the names of the parties, the names of the attorneys, the nature of the action, the pleas, the motions, and the ruling of the court *as made*." (emphasis added)).

We ordered the trial court to provide "a copy of all case management docket entries from the case management system" for this case to the district clerk for inclusion in a supplemental clerk's record. *See* Tex. R. App. P. 34.5(c)(1). The presiding judge responded by letter that no such docket entry exists.

In *In re A.F.*, we observed that "courts have relied on system entries alongside docket sheet notations to reconstruct the facts surrounding hearings." *See* No. 02-19-

8

M.B. filed this restricted appeal pro se on September 20, 2019.

## Analysis

In her first issue, M.B. argues that despite the fact that she entered into the MSA, this is nonetheless a contested case because an answer and general denial were filed. Under Rule 245, contested cases may only be resolved with reasonable notice of at least 45 days of a final hearing. M.B. contends that she did not receive the requisite notice of a final hearing, and therefore the case must be reversed. We agree.

But first, we dispense with the procedural basics of a restricted appeal. To prevail in a restricted appeal, the filing party must show that:

(1)   she filed notice of the restricted appeal within six months after the judgment was signed;

(2)   she was a party to the underlying lawsuit;

(3)   she did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and

(4)   error is apparent on the face of the record.

*Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020).

The first three requirements are easily met. First, the judgment was signed on March 22, 2019, and M.B. filed her restricted appeal on September 20, 2019, which was

00117-CV, 2019 WL 4635150, at *9 n.7 (Tex. App.—Fort Worth Sept. 24, 2019, no pet.). Here, we looked to both the court's docket sheet and the case management system to reconstruct the facts surrounding the signing of the Final Decree of Divorce, only to discover no such reconstruction is possible because the trial court declined to make any entries of its rulings "as made," contrary to what is contemplated by Rule 26.

two days shy of six months later. Second, it is undisputed that M.B. was a party to the suit below. Third, the judgment recites that M.B. "did not appear in person but has agreed to the terms of this order as evidenced by [her] signature and that of her attorney of record . . . below." Recitals in a judgment are presumed to be true; although that presumption can be rebutted when there is a conflict between the judgment and the record, nothing in the record rebuts the recital that M.B. did not participate in a dispositive hearing. *Alcantar v. Okla. Nat'l Bank*, 47 S.W.3d 815, 823 (Tex. App.—Fort Worth 2001, no pet.); *see Barcroft v. Walton*, No. 02-16-00110-CV, 2017 WL 3910911, at *8 (Tex. App.—Fort Worth Sept. 7, 2017, no pet.) (mem. op.). Further, it is undisputed that M.B. did not timely file any post-judgment motions or requests for findings of fact and conclusions of law. M.B. has thus satisfied the first three elements of her restricted appeal.

The question is whether there is error apparent on the face of the record. "The face of the record in a restricted appeal consists of the papers on file with the trial court when judgment was rendered." *Clamon v. DeLong*, 477 S.W.3d 823, 825 (Tex. App.—Fort Worth 2015, no pet.); *Mandel v. Lewisville Indep. Sch. Dist.*, 445 S.W.3d 469, 474 (Tex. App.—Fort Worth 2014, pet. denied) (combined appeal & orig. proceeding).

When a party files an answer, he makes an appearance and places in issue the matters raised in the plaintiff's petition, and the case becomes contested. *Highsmith v. Highsmith*, 587 S.W.3d 771, 777 (Tex. 2019) (per curiam). In contested cases, Rule 245

10

generally entitles the parties to "reasonable notice of not less than forty-five days . . . of a first setting for trial." Tex. R. Civ. P. 245.

The "mere existence" of a settlement agreement does not rob the case of its contested status. *Highsmith*, 587 S.W.3d at 777. As the *Highsmith* court explained,

> while a hearing to prove up an MSA may often be uneventful, that is certainly not always the case: judgment on an MSA is not automatic. Parties challenging an MSA may still avail themselves of applicable statutory defenses or otherwise argue that the agreement should be set aside. Indeed, the fact that MSAs are frequently litigated, as here, illustrates that disputes may still arise post-execution. This is hardly surprising given the high-stakes, emotionally driven nature of family law cases. Thus, we cannot agree that once an MSA is signed, there is necessarily nothing left for the court to resolve, making the rendition of judgment a mere formality.

*Id.* at 778. "A trial court's failure to comply with notice rules in a contested case deprives the defendant of his constitutional right to be present at the hearing, to voice objections in an appropriate manner, and results in a violation of fundamental due process." *Hildebrand v. Hildebrand*, No. 01-18-00933-CV, 2020 WL 4118023, at *4 (Tex. App.—Houston [1st Dist.] July 21, 2020, no pet.) (mem. op.) (internal quotation omitted).

Thus, in *Hildebrand*, where the party resisting divorce was afforded only 39 days' notice before the final hearing as opposed to the full 45 days, the court reversed and remanded. *See id.* at *5 (citing *Highsmith*, 587 S.W.3d at 777–78). Likewise, in *In re Z.U.L.*, the court issued a reversal "[b]ecause the trial court entered a consent judgment in a contested case without a hearing." *See* No. 06-20-00079-CV, 2021 WL 96864, at *2–3

11

(Tex. App.—Texarkana Jan. 12, 2021, no pet.) (mem. op.) (citing *Highsmith*, 587 S.W.3d at 777–78).

In this case, R.B. filed an answer by general denial. Despite the MSA, his answer qualifies this as a contested case and triggers the requirement of 45 days' notice of a final hearing. The record contains no indication that such a hearing took place, and the judgment recitals affirmatively show that one did not. *See Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.).

Regardless of whether a hearing occurred, though, *Highsmith* requires reversal. If there was no hearing, we would follow the model of *Z.U.L.* and reverse for inadequate notice of a final hearing. *See* 2021 WL 96864, at \*2–3. If there was a hearing on March 22, 2019, then the notice that was issued just two days prior fell well short of the required 45 days, and reversal for inadequate notice is required just the same.[7] *See Hildebrand*, 2020 WL 4118023, at \*5.

---

[7]For the first time at oral argument, R.B. brought to our attention the notice that the trial court sent on January 30, 2019, for the dismissal docket to take place on March 22, 2019. R.B. asked us to treat the dismissal docket notice as though it were a notice of trial setting for purposes of Rule 245. R.B. maintained that because fifty-one days passed between the dismissal docket notice and the day that the divorce decree was rendered, this satisfied Rule 245's mandate for "reasonable notice of not less than forty-five days to the parties of a first setting for trial." Tex. R. Civ. P. 245. Since this notice did not appear in the clerk's record, R.B. moved for leave to supplement the record following oral argument, and we granted the motion.

But a dismissal docket notice is not the same as a notice of trial setting; these two types of notices apprise the parties of very different things. A trial is a hearing in which the court hears and receives evidence. *Tex. Farmers Ins. Co. v. Kurosky*, No. 02-13-00169-CV, 2015 WL 4043278, at \*5 (Tex. App.—Fort Worth July 2, 2015, no pet.) (mem. op.).

We therefore sustain M.B.'s first issue. This renders it unnecessary to consider her remaining issues. *See* Tex. R. App. P. 47.1. We reverse the trial court's divorce decree and remand for further proceedings consistent with this opinion.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered: June 3, 2021

---

Unlike a trial, a dismissal for want of prosecution is not an adjudication of the rights of the parties but simply places the parties in the position they were in prior to filing the action. *Smith v. Tex. Bd. of Pardons & Paroles*, No. 2-02-035-CV, 2003 WL 22724996, at *2 (Tex. App.—Fort Worth Nov. 20, 2003, no pet.) (per curiam) (mem. op.); *see O'Neill v. Morales*, No. 02-19-00039-CV, 2020 WL 479283, at *1 n.1 (Tex. App.—Fort Worth Jan. 30, 2020, no pet.) (mem. op.). And courts have expressly distinguished between a notice of trial setting and a dismissal docket notice. *See, e.g., Zarosky v. State*, No. 03-03-00116-CV, 2004 WL 1114539, at *3 (Tex. App.—Austin May 20, 2004, no pet.) (mem. op.). Because the dismissal docket notice did not inform the parties that their suit could be tried on March 22, 2019, it did not suffice as a notice of trial setting under Rule 245.