

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-21-00087-CV

———————————————

HSBC BANK USA, NATIONAL ASSOCIATION AS TRUSTEE FOR OPTION ONE MORTGAGE LOAN TRUST 2007-HL 1 ASSET BACKED CERTIFICATES, SERIES 2007-HL1, Appellant

V.

KINGMAN HOLDINGS LLC AS TRUSTEE FOR THE SADDLE RIDGE TRAIL 705 4602 LAND TRUST, Appellee

---

On Appeal from the 415th District Court
Parker County, Texas
Trial Court No. CV20-1584

---

Before Birdwell, Womack, and Wallach, JJ.
Memorandum Opinion by Justice Birdwell

**MEMORANDUM OPINION**

This is a restricted appeal from a default judgment in favor of Appellee Kingman Holdings LLC. Kingman filed an original petition seeking to invalidate a lien on the subject real property held by Appellant, HSBC Bank USA, National Association, as Trustee for Option One Mortgage Loan Trust 2007-HL 1 Asset Backed Certificates, Series 2007-HL1. Kingman had citation issued and attempted service of process on HSBC via the Texas secretary of state under Chapter 505 of the Estates Code. The secretary of state subsequently forwarded the petition to HSBC. Kingman then filed a motion for default judgment. After the trial court entered its order granting the motion for default judgment, HSBC timely filed its notice of restricted appeal on March 29, 2021.

HSBC argues that error is apparent on the face of the record in the form of defective service. Because we agree that HSBC was not properly served, the default judgment rendered against it must be set aside.

## I. Background

The underlying dispute concerns title to real property. Kingman bought the property at a foreclosure sale subject to HSBC's lien. Kingman filed a petition against HSBC to quiet title to the real property. In Kingman's petition, regarding service of citation, it alleged that HSBC was being sued in its capacity as a "foreign fiduciary" and that HSBC had "irrevocably appointed the [s]ecretary of [s]tate as its agent for service of process, and ha[d] designated Lewis F. Hazel, One Marine Midland Center,

Buffalo, NY, 14203, as the person to whom service should be directed" under Chapter 505 of the Estates Code. Concerning the property, Kingman alleged that HSBC had abandoned its lien on the property by refusing to discuss the issue with Kingman. Kingman asked the trial court to declare the lien unenforceable and remove the lien.

A process server served citation on HSBC through the secretary of state pursuant to Chapter 505 of the Estates Code. The secretary issued a *Whitney* certificate[1] documenting that her office forwarded the citation by certified mail to Lewis F. Hazel, whom Kingman had designated in its petition as the person to receive process. HSBC did not file an answer. Kingman filed a motion for entry of a default judgment. In the motion, Kingman asserted that HSBC had been served with process and that the return of service had been on file for more than ten days. Kingman attached to its motion an affidavit that was signed by Mark C. Disanti, a member of Kingman, and that stated:

> Defendant is a foreign fiduciary, and is sued in such capacity. Defendant has the corporate powers to act as a fiduciary, and is authorized by laws of the state of its formation to so act. Defendant is a foreign corporation and does not have its main office or a branch office in this state. Defendant was appointed by a contract or indenture with the

[1]In *Whitney v. L & L Realty Corp.*, the plaintiff took a default judgment against defendants after serving them via the secretary of state. 500 S.W.2d 94, 95 (Tex. 1973). The Texas Supreme Court held that the record before the trial court must contain a certificate from the secretary showing that it forwarded a copy of the citation to the defendant. Without that showing, the trial court did not have jurisdiction over the defendant. *Id.* at 95–96. Such a certificate is known as a *Whitney* certificate.

3

> Option One Mortgage Loan Trust 2007-HL 1 Asset Backed Certificates, Series 2007-HL1. Defendant has irrevocably appointed the [s]ecretary of [s]tate as its agent for service of process, and has designated Lewis F. Hazel, One Marine Midland Center, Buffalo, NY, 14203.

Disanti did not attach to his affidavit any documentation supporting the irrevocable appointment he attributed to HSBC.

The trial court granted Kingman's motion for a default judgment. In its final judgment, the court found that

> service of process on Defendant was accomplished according to law, that the return of service is in due form and has been on file for a period in excess of ten (10) days, that Defendant has failed to file an Answer or otherwise appear, and pursuant to [Tex. R. Civ. P.] 239, is in default.

The court also found that HSBC was

> a foreign fiduciary, that it had irrevocably appointed the Texas [s]ecretary of [s]tate as its agent for service of process, that the Texas [s]ecretary of [s]tate was so served, and had forwarded citation and petition to the designee named by Defendant in its filings with the Texas [s]ecretary of [s]tate, that Defendant was properly served and that the Court has personal jurisdiction over Defendant.

The court decreed that HSBC "owns no interest whatsoever in and to" the subject property and that Kingman was the owner of the property. The court signed its final judgment on December 30, 2020. HSBC filed a notice of restricted appeal on March 29, 2021.

## II.    The Standard for Restricted Appeals

A restricted appeal is a direct attack on a trial court's judgment. *Aero at Sp. Z.O.O. v. Gartman*, 469 S.W.3d 314, 315 (Tex. App.—Fort Worth 2015, no pet.). To

4

prevail in its restricted appeal, HSBC must establish that (1) it filed its notice of restricted appeal within six months after the judgment was signed, (2) it was a party to the underlying lawsuit, (3) it did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law, and (4) error is apparent on the face of the record. *See* Tex. R. App. P. 26.1(c), 30; *Clamon v. DeLong*, 477 S.W.3d 823, 825 (Tex. App.—Fort Worth 2015, no pet.). The face of the record in a restricted appeal "consists of the papers on file with the trial court when judgment was rendered."[2] *See Clamon*, 477 S.W.3d at 825.

Additionally, "[w]hile ordinarily presumptions are made in support of a judgment (including presumptions of due service of citation when the judgment so recites), no such presumptions are made in a direct attack upon a [no-answer] default judgment." *McKanna v. Edgar*, 388 S.W.2d 927, 929 (Tex. 1965); *U.S. Bank, N.A. v. TFHSP LLC Series 6481*, 487 S.W.3d 715, 719 (Tex. App.—Fort Worth 2016, no pet.). The Texas Supreme Court has long "required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand a direct attack." *Primate Constr. Inc. v. Silver*, 884 S.W.2d 151,

---

[2]Both parties attached documents to their briefs that are not part of our appellate record. We cannot consider these documents in determining whether there is error on the face of the record. *See Bank of N.Y. Mellon v. NSL Prop. Holdings, LLC*, No. 02-17-00465-CV, 2018 WL 3153540, at *2 n.3 (Tex. App.—Fort Worth June 28, 2018, no pet.) (mem. op), *abrogated on other grounds by U.S. Bank N.A. v. Moss*, No. 20-0517, 2022 WL 587607 (Tex. Feb. 25, 2022).

152–53 (Tex. 1994) (noting that plaintiff's responsibility of accomplishing service "extends to seeing that service is properly reflected in the record" and holding error on face of the record because it did not affirmatively show proper service); *see also Bartonplace Condos. Homeowners Ass'n v. Keup*, No. 03-14-00453-CV, 2016 WL 1294797, at *5 (Tex. App.—Austin Mar. 31, 2016, no pet.) (mem. op.) (reversing default judgment because the record did not demonstrate that defendant was amenable to service through the secretary of state).

Whether service strictly complied with the statutes and rules is a question of law that we review de novo. *LEJ Dev. Corp. v. Sw. Bank*, 407 S.W.3d 863, 866 (Tex. App.—Fort Worth 2013, no pet.).

## III. The Parties' Contentions

In one issue, HSBC contends that we should reverse the trial court's default judgment because the record shows all of the requirements for a restricted appeal, including error on the face of the record due to improper service of process.[3] HSBC argues that service on the secretary of state under the Estates Code was improper because it is a financial institution and service under Section 17.028 of the Civil Practice and Remedies Code is the exclusive method of serving a financial institution.

---

[3]Kingman does not dispute HSBC's assertion that HSBC satisfies the first three requirements to succeed in its restricted appeal, and the record shows that it does. Thus, whether we must reverse the trial court's judgment depends on whether error is apparent on the face of the record. *See* Tex. R. App. P. 30; *Ex parte E.H.*, 602 S.W.3d 486, 495 (Tex. 2020).

6

Kingman contends that HSBC is a foreign corporate fiduciary and thus service pursuant to the Estates Code was proper.

## IV.  Texas Civil Practice and Remedies Code Section 17.028

The Texas Supreme Court recently held that Section 17.028(b) is the exclusive method by which a financial institution must be served.  Tex. Civ. Prac. & Rem. Code Ann. § 17.028(b); *see Moss*, 2022 WL 587607, at *3; *see also Deutsche Bank Nat'l Tr. Co. v. Shepard*, No. 12-20-00178-CV, 2021 WL 1567928, at *2–3 (Tex. App.—Tyler Apr. 21, 2021, no pet.) (mem. op.).  Specifically, the court pointed out that a financial institution must be served by: (1) serving the *registered agent* of the financial institution; or (2) if the financial institution does not have a registered agent, serving the president or a branch manager at any office.  Tex. Civ. Prac. & Rem. Code Ann. § 17.028(b). "[W]hen a procedure for giving notice and obtaining jurisdiction is statutorily established, that method is generally exclusive and the form prescribed must be followed with reasonable strictness."  *Colson v. Thunderbird Bldg. Materials*, 589 S.W.2d 836, 840 (Tex. App.—Amarillo 1979, writ ref'd n.r.e.).  "Thus, when there is a specific statute that sets out the steps that must be taken, the inquiry is not whether the defendant had actual knowledge of the proceeding against him; rather, the question is whether that knowledge was conveyed to him in the manner required by the statute." *Id.*  Service in compliance with Section 17.028 is mandatory.  *Moss*, 2022 WL 587607, at *6.

7

Moreover, Subsection (d) of 17.028 confirms—as it relates to service of a financial institution—that if "citation has not been properly served as provided by this section, a financial institution may maintain an action to set aside the default judgment . . . entered against the financial institution." *See* Tex. Civ. Prac. & Rem. Code Ann. § 17.028(d); *Moss*, 2022 WL 587607, at *3. Subsection (d) shows that the Legislature intended for Section 17.028 to provide the exclusive method of service on financial institutions.

## V.  Ineffective Service of Process

Kingman asserts that it properly served HSBC by serving the secretary of state pursuant to the Estates Code. Kingman appears to argue that service on the secretary of state via the Estates Code was proper because HSBC "was sued in [its] capacity as a corporate fiduciary." However, a corporate fiduciary can be a financial institution. *See Moss*, 2022 WL 587607, at *1. The Finance Code states that a bank, "whether chartered under the laws of this state, another state, the United States, or another country," is a financial institution. Tex. Fin. Code Ann. § 201.101(1)(A). It is beyond dispute that HSBC is a financial institution. *See id.*

Additionally, Kingman, in reliance on our opinion in *Bank of N.Y. Mellon*, argues that service on the secretary of state as a foreign corporate fiduciary's "agent" under the Estates Code constitutes service on a financial institution's "registered agent" for purposes of Section 17.028. *See* 2018 WL 3153540, at *7. The Texas Supreme Court, however, disagrees with Kingman's proposition and has abrogated

8

our opinion in *Bank of N.Y. Mellon* and reversed in part the Dallas Court of Appeals's opinion in *Moss. See Moss*, 2022 WL 587607, at *5–6. In *Moss*, the Texas Supreme Court stated that "[w]hen all relevant statutes are considered, it becomes clear that the Legislature did not consider the [s]ecretary to be a financial institution's 'registered agent' under [S]ection 17.028." *Id.* at 5. Moreover, the court held that "the text of [S]ection 17.028 requires service on a financial institution's 'registered agent,' and the text of other statutes establishes that the [s]ecretary is not a 'registered agent.'" *Id.* at 5. *Moss* thus rejects Kingman's argument. *Id.*

## VI. Improper Default Judgment

A default judgment is improper against a defendant who has not been served in strict compliance with the law, accepted or waived process, or entered an appearance. Tex. R. Civ. P. 124; *Moss*, 2022 WL 587607, at *6. As we have explained, Kingman's service of HSBC via the secretary of state pursuant to Chapter 505 did not constitute service on the financial institution's registered agent as required by Section 17.028. Because Section 17.028 is mandatory and provides the exclusive method of service for financial institutions, HSBC was not properly served, and the default judgment rendered against it must be set aside.

## VII. Conclusion

A default judgment can only survive the defendant's direct attack alleging defective service if the plaintiff's strict compliance with the rules of service affirmatively appears on the face of the record. *E.g., Ins. Co. of State of Pa. v. Lejeune,*

9

297 S.W.3d 254, 255 (Tex. 2009).  Having found that error is apparent on the face of this record, we must reverse the default judgment and remand this cause for further proceedings on the merits of the underlying suit.

/s/ Wade Birdwell

Wade Birdwell
Justice

Delivered:  March 24, 2022