CAMPSEY V. CAMPSEY

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-359-CV

DANNY HAROLD CAMPSEY APPELLANT

V.

DIANE MACHELLE CAMPSEY APPELLEE

------------

FROM THE 324TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

Appellant Danny Harold Campsey brings this restricted appeal from the trial court’s granting of a final decree of divorce in favor of Appellee Diane Machelle Campsey.  We affirm.

Factual and Procedural Background

Appellee sued Appellant for divorce on February 22, 2002.  On February 25, 2002, the trial court signed a temporary restraining order and set a hearing for temporary orders for March 11, 2002.  The record contains no evidence that Appellant filed a written answer to Appellee’s petition.

Appellant and Appellee appeared at the March 11, 2002 TRO hearing.  At the hearing, Appellant signed a form entitled “Pro Se Appearance 324th Court” in which he provided his name, address, date of birth, and social security number.  The form included the following pre-printed statement:

IT IS ALSO YOUR RESPONSIBILITY TO KEEP THE COURT INFORMED OF YOUR CURRENT ADDRESS AND A TELEPHONE NUMBER WHERE YOU MAY BE CONTACTED DURING BUSINESS HOURS.  IF YOUR CASE PROCEEDS TO FINAL TRIAL AND WE ARE UNABLE TO LOCATE YOU FOR LACK OF CURRENT INFORMATION, A DEFAULT JUDGMENT MAY BE TAKEN. 
NOTICES OF TRIAL REQUESTS AND NOTIFICATION OF A TRIAL DATE AND TIME WILL BE MAILED TO THE LAST KNOWN ADDRESS PROVIDED.
  [Emphasis added.]

The associate judge swore in the parties, granted a continuance of the hearing until March 26, 2002, and ordered the parties to appear at 9:00 a.m. on March 26, 2002.  The associate judge’s order was never appealed or set aside.

When hearings in the case reconvened on March 26, 2002, Appellant did not physically appear in the courtroom.
(footnote: 1)  On that same day, Appellant’s waiver of service, which he had signed on February 25, 2002, was filed with the trial court.
(footnote: 2)  In the waiver, Appellant waived issuance and service of citation, acknowledged that he had received Appellee’s original divorce petition, entered his appearance in the case for all purposes, and agreed that the case could be taken up and considered by the trial court without any further notice to him.  The trial court entered the final decree of divorce on April 26, 2002.

In one point, Appellant first contends that he was denied due process because he did not receive notice of the April 26, 2002 trial setting.  He argues that the “Pro Se Appearance 324th Court” form, with its preprinted statement that the trial court would mail notices of trial settings to him, was the trial court’s written, unrestricted assurance that notice of trial requests and trial settings would be sent to his last known address.  He contends that this document effectively revoked his prior waiver of notice of proceedings.  In addition, he argues that his appearance at the TRO hearing and his completion of the pro se form required the trial court to send further notices to him and that he received no notice from the trial court of the April 26, 2002 trial setting.  Appellee contends Appellant waived notice of further proceedings in the cause and never withdrew his waiver, made an unrestricted appearance in the cause, and thereby participated in the trial.

The Law

A restricted appeal (like its predecessor, a writ of error) directly attacks a default judgment and prevents this court from indulging in presumptions in support of the judgment.
  See Wall v. Wall,
 630 S.W.2d 493, 495 (Tex. App.—Fort Worth 1982, no writ).  Texas case law and Texas Rules of Appellate Procedure 26.1(c) and 30 require four elements for a successful restricted appeal: 1) a notice of restricted appeal must be filed within six months after the judgment is signed; 2) by a party to the lawsuit; 3) who did not participate in the hearing that resulted in the judgment of which the party complains and did not file a timely post-judgment motion; and 4) error must be apparent on the face of the record.  
Norman Communications v. Tex. Eastman Co., 
955 S.W.2d 269, 270 (Tex. 1997); 
Stubbs v. Stubbs,
 685 S.W.2d 643, 644 (Tex. 1985); 
Franklin v. Wilcox,
 53 S.W.3d 739, 741 (Tex. App.—Fort Worth 2001, no pet.).  We construe the parties’ briefs to complain only of the third and fourth elements, and we will focus our review on those elements.

1. Participation

Appellant alleged in his restricted notice of appeal that he did not participate in the trial court proceedings below.  Appellee contends that Appellant participated in the trial that led to the final divorce decree and, therefore, he cannot bring this restricted appeal.

Participation in an actual trial is a matter of degree for purposes of appeal by restricted appeal, and should be construed liberally in favor of right to appeal.
  
Stubbs,
 685 S.W.2d at 645 
(holding that appellant’s signing of waiver of citation and divorce agreement were not sufficient acts of participation to preclude her from obtaining writ of error review); 
Blankinship v. Blankinship,
 572 S.W.2d 807, 808 (Tex. Civ. App.—Houston [14
th
 Dist.] 1978, no writ) (denying writ of error review where appellant had not only waived citation, but also expressly waived the making of a statement of facts, and signed divorce judgment prior to its entry by trial court).  The Texas Supreme Court has defined “actual trial” as the hearing in open court, leading up to the rendition of judgment, on the questions of law and fact.  
Stubbs, 
685 S.W.2d at 644-45.  “[T]he question is whether the appellant has participated in ‘the decision-making event’ that results in judgment adjudicating the appellant's rights.”  
Texaco, Inc. v. Cent. Power & Light Co.,
 925 S.W.2d 586, 589 (Tex. 1996).
  We determine a party’s right to a restricted appeal based on his nonparticipation at trial, not the reason for his nonparticipation.  
Bisby v. Dow Chem. Co., 
931 S.W.2d 18, 21 (Tex. App.—Houston [1
st
 Dist.] 1996, no writ).

Appellee argues that Appellant participated in the proceedings because he stated in his waiver of service
 that he made an appearance for all purposes.  A party’s mere statement that he has made a general appearance for all purposes does not rise to the level of participation at trial.  
See Texaco, 
925 S.W.2d at 590.  In
 Texaco
, the Texas Supreme Court rejected the court of appeals’ holding that the appellant participated at trial when it made a general appearance by announcing that it was ready for trial and announcing settlement.  
Id.
  The court held that while the appellant’s actions may have constituted a general appearance, it did not follow that the appellant had participated at trial.  
Id.  
The court noted that the Legislature had rejected mere appearance in favor of participation at the actual trial as the standard for precluding writ of error appeal. 
 Id.

We hold that Appellant’s mere statement in the waiver of service that he entered his appearance for all purposes did not rise to the level of participation at trial.  
See id.
  In addition, Appellant’s participation in the TRO hearing, which resulted in an extension of the temporary orders, was not participation in “the decision-making event” that resulted in the final judgment adjudicating his rights.  The purpose of the TRO hearing was to put guidelines on Appellant’s contact with Appellee and the children and to limit his entanglement with the parties’ personal property while the divorce case was pending.  The TRO hearing was not the trial that resulted in final judgment adjudicating Appellant’s 
rights as to the division of marital property, conservatorship, and child support. 
 Because we hold that Appellant did not participate in the trial, we next examine whether error appears on the face of the record.

2. Error on the face of the record

Appellant alleges that two errors are apparent on the face of the record. First, he argues that the trial court erred in not giving him proper notice of the final trial setting in which it entered the final divorce decree.  Second, he claims that the final judgment was entered before the time limits required by the Local Rules of Court of Tarrant County.

In a restricted appeal, the “face of the record” consists of the papers on file with the trial court when it rendered judgment.
  Gen. Elec. Co. v. Falcon Ridge Apts.,
 811 S.W.2d 942, 944 (Tex. 1991).  Accordingly, an appellate court may not consider evidence in a restricted appeal unless it was before the trial court when judgment was rendered.
  Barker CATV Constr., Inc. v. Ampro, Inc.,
 989 S.W.2d 789, 794 (Tex. App.
—
Houston [1
st
 Dist.] 1999, no pet.) (op. on reh’g).  Such a prohibition is appropriate because an appeal by writ of error directly attacks the judgment rendered.  
Id.

Appellant contends that the trial court erred by not presenting him with proper notice of the trial setting in which it entered the final divorce decree.  
A trial court's failure to comply with the rules of notice in a contested case deprives a party of the constitutional right to be present at the hearing and to voice his objections in an appropriate manner, and results in a violation of fundamental due process.  
Platt v. Platt,
 991 S.W.2d 481, 483 (Tex. App.—Tyler 1999, no pet.).  If the respondent does not have notice of the trial setting as required by rule 245, the default judgment should be set aside because it is ineffectual.  
Id. 
at 484; 
Tex. R. App. P
. 245.  

The trial court presumably will hear a case only when notice has been given to the parties.  
Blanco v. Bolanos, 
20 S.W.3d 809, 811 (Tex. App.—El Paso 2000, no pet.); 
Turner v. Ward,
 910 S.W.2d 500, 505 (Tex. App.—El Paso 1994, no writ). To overcome this presumption, an appellant must affirmatively show lack of notice.  
Blanco,
 20 S.W.3d at 811 (holding the judgment was effectively rebutted and the presumption of proper notice was no longer taken to be true because appellant could not have received the forty-five-day notice required by rule 245 when the record showed appellee had filed a trial setting request only fifteen days prior to the final hearing);
 Hanners v. State Bar of Tex.,
 860 S.W.2d 903, 908 (Tex. App.—Dallas 1993, no writ) (holding that trial court is the sole judge of the witnesses' credibility at hearing on motion for new trial
 and, where appellant testified that he had not received notice, trial court did not abuse its discretion in implicitly finding that appellant 
in fact had received notice)
.  This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice.  
Hanners,
 860 S.W.2d at 908
.  Here, Appellant has failed to affirmatively show in the record that he did not receive the required rule 245 notice.  His assertion of no notice is not supported by any evidence.

Appellant contends that because the final divorce decree was entered sixty-two days after Appellee filed her original petition, the minimum time between trial request and first trial setting did not occur, so he could not have received proper notice.  
Appellant maintains that the local rules of Tarrant County require a seventy-five-day waiting period before first trial setting.  We disagree.

We begin our analysis by considering the applicable local and state rules of procedure together to determine what constitutes sufficient notice.  This case was set for trial in Tarrant County.
(footnote: 3)  The
 Local Rules of Court of Tarrant County make an important distinction between general civil cases and family law cases.  
Part 3 
of the rules governs disposition of general civil trials, and Part 4 specifically applies to disposition of family law cases such as this.
 
 Appellant cites to Part 3 of the rules, but overlooks Part 4.  

Part 3 
provides that a request for
 
a trial setting “may ask for a setting on a specific trial week, but not sooner tha[n] 75 days from the date of the request for the initial trial setting.”  
Tarrant Cty. Loc. R.
 3.01(c).
  This seventy-five-day period is not, as Appellant contends, a notice period.  The remainder of 3.01(c) simply says that “parties will be notified in writing of the date that the case is set for trial.”  
Id.
  Thus, local rule 3.01(c) does not contain a notice period.  Adequate notice is governed by state rule 245, which provides that a
 “[c]ourt may set contested cases on written request of any party . . . with reasonable notice of not less than forty-five days to the parties of a first setting for trial . . . .”  
Tex. R. Civ. P.
 245.  Rule 245 provides the applicable notice period, and the seventy-five-day period in local rule 3.01(c) is merely a waiting period for trial scheduling.  Moreover, we do not believe the seventy-five-day period applies to family law cases.  

Part 4 of the rules governs the disposition of family law cases.  It provides that final trials will be set upon written request using the procedure and form as the specific court requires.  
Tarrant Cty. Loc. R.
 4.03(a).  Section 6.702 of the family code provides that a trial court “may not grant a divorce before the 60th day after the date the suit was filed.  A decree rendered in violation of this subsection is not subject to collateral attack.”
  Tex. Fam. Code Ann.
 § 6.702(a) (Vernon 1998). 
 Applying the local family law disposition rules, we hold that the trial court properly entered judgment sixty-two days after Appellee filed her original petition.  
See id.
; 
Tarrant Cty. Loc. R.
 4.01(e), 4.03(a).  Thus, the date on which the trial court rendered judgment is not evidence of Appellant’s alleged lack of notice. Because there is no evidence that Appellant did not receive adequate notice of the April 26, 2002 trial setting, error is not apparent from the face of the record.  Further, because Appellant has not shown lack of notice, we need not address his contention that he revoked his waiver of notice.

Conclusion

Appellant has not demonstrated any error on the face of the record.  We overrule Appellant’s point, and 
affirm the trial court’s judgment.

DIXON W. HOLMAN

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DELIVERED: June 26, 2003

FOOTNOTES
1:
In her Report of Temporary Orders, the associate judge indicated that Appellant did not appear and included a hand-written note, “waiver in file.”

2:
In her brief, Appellee erroneously states that Appellant signed the waiver on March 11, 2002, the date of the original TRO hearing.

3:
We take judicial notice of the Local Rules of Court of Tarrant County, Texas.  
Tex. R. Evid. 
201(d).