NO. 07-04-0412-CV


IN THE COURT OF APPEALS


FOR THE SEVENTH DISTRICT OF TEXAS


AT AMARILLO


PANEL E


MAY 10, 2006


______________________________



SIXTY-EIGHT THOUSAND NINE HUNDRED EIGHTY DOLLARS, APPELLANT


v.


THE STATE OF TEXAS, APPELLEE



_________________________________


FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;


NO. 89,114-C; HON. PATRICK PIRTLE, PRESIDING


_______________________________


Before QUINN, C.J., REAVIS, J., and BOYD, S.J. (1)




MEMORANDUM OPINION



 In this restricted appeal, appellant Delbert G. Morris seeks reversal of a default
judgment forfeiting $68,980 to the State of Texas. In seeking a reversal of the trial court's
judgment, appellant suggests two issues for our decision. Those issues are: 1) whether
he satisfied the requirements for the grant of a restricted appeal, and 2) whether the trial
court failed to give him proper notice of hearings on the petition to forfeit and whether that
failure as well as the trial court's death penalty sanction striking appellant's pleadings are
errors on the face of the record. However, for reasons we set out below, we must dismiss
this appeal for lack of jurisdiction.Procedural History

 The alleged basis for this proceeding was that the funds in question were
contraband seized during the execution of a search warrant and which were used or
intended to be used in the commission of a felony. The proceeding was filed on September
6, 2001. On March 19, 2003, appellee, the State of Texas, served discovery requests on
appellant and, later, on June 2, 2003, filed a "Motion to Compel Full and Complete
Answers to Interrogatories and Request for Disclosure." On August 15, 2003, after a
hearing at which appellant appeared through counsel, the trial court ordered appellant to
answer all the discovery requests not later than October 17, 2003, under penalty of having
his pleadings struck if he did not do so. That deadline was later extended to October 31,
2003.

 On November 3, 2003, because of appellant's alleged failure to comply with the
discovery requests, appellee filed a motion requesting the trial court to impose the
sanctions it had previously threatened if discovery was not complied with. A hearing on this
motion was set for November 24, 2003. On that date, the court noted on its docket that
appellant failed to appear, that he had failed to file responsive answers by the extended
deadline, that his late filed answers would not be considered, and that his defensive
pleadings were stricken.

 On December 2, 2003, appellant filed a "Motion for New Trial/Rehearing Motion for
Re-Hearing" in which he pointed out that a response to the requests for interrogatories and
disclosure was filed on November 3, 2003, asserted that counsel had not received notice
of the November 24, 2003 hearing, and requested that "the Court set aside the judgment
of conviction entered in this cause and order a new trial on the merits." 

 On January 26, 2004, the trial court notified all counsel by letter that he had received
a proposed order imposing sanctions and rendering a default judgment. He further advised
them that he would consider the proposed order on February 3, 2004, and enter it unless
appellant, by written objection, showed good cause why the order should not be entered. 
On February 3, 2004, appellee filed a "Motion for Default Judgment" with a certification that
a copy of the motion had been served on appellant's attorney by certified mail, return
receipt requested, on November 25, 2003.

 On February 3, 2004, the default judgment giving rise to this appeal was signed by
the court. The record shows that a copy of the order imposing sanctions and granting a
default judgment was sent to appellant's attorney on February 3, 2004. Appellant's
restricted notice of appeal was filed on August 2, 2004. 

Discussion

 A restricted appeal, as did its predecessor writ of error, directly attacks a default
judgment and prevents this court from indulging in presumptions in support of the
judgment. See Campsey v. Campsey, 111 S.W.3d 767, 770 (Tex. App.-Fort Worth 2003,
no pet.). However, Texas Rule of Appellate Procedure 30 requires that to be entitled to a
restricted appeal, a party must meet four requirements. Those requirements are: 1) a
notice of restricted appeal must be filed within six months after the judgment is signed, 2)
by a party to the lawsuit, 3) who did not participate in the hearing that resulted in the
judgment of which the party complains and did not file a timely post-judgment motion, and
4) error must be apparent on the face of the record. Tex. R. App. P. 30; Campsey v.
Campsey, 111 S.W.3d at 770. These requirements are jurisdictional and, if they are not
met, will cut off a party's right to seek relief. Clopton v. Pap, 66 S.W.3d 513, 515 (Tex.
App.-Fort Worth 2001, pet. denied).

 In a restricted appeal, the "face of the record" consists of the papers on file with the
trial court at the time it rendered judgment. General Electric Co. v. Falcon Ridge Apts., 811
S.W.2d 942, 944 (Tex. 1991). Accordingly, an appellate court may not consider evidence
in a restricted appeal unless it was before the court when judgment was rendered. Such
a prohibition is appropriate because a restricted appeal directly attacks the judgment
rendered. As we have noted, in this case, appellant filed in the trial court the
instrument denominated inter alia as a motion for new trial. While it was filed before the
default judgment was actually granted, it is apparent that it was directed at the events that
culminated in the February 3, 2004 judgment. Texas Rule of Civil Procedure 306c
specifically provides that no motion for new trial shall be held ineffective because
prematurely filed "but every such motion shall be deemed to have been filed on the date
of but subsequent to the time of the filing of the judgment. . . . " Tex. R. Civ. P. 306c. 
Thus, as well as the record being sufficient to show that appellant was cognizant of and
participated in some of the trial activities, it also shows that he filed an instrument that
would be deemed a post-judgment motion for new trial. Therefore, the record before us
is sufficient to show that he is not entitled to bring a restricted appeal. See Laboratory
Corp. of Am. v. Mid-Town Surgical Center, 16 S.W.3d 527, 528 (Tex. App.-Dallas 2000,
no pet.). Appellant was required to file his notice of direct appeal within 90 days after the
judgment was signed. Because he did not do so, and because he is not entitled to a
restricted appeal, we have no jurisdiction to consider this appeal.

 Accordingly, we must, and do hereby, dismiss this appeal. 


 John T. Boyd

 Senior Justice



 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. 
Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).