NO. 07-04-0412-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

MAY 10, 2006

_____

SIXTY-EIGHT THOUSAND NINE HUNDRED EIGHTY DOLLARS, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 89,114-C; HON. PATRICK PIRTLE, PRESIDING

_____

Before QUINN, C.J., REAVIS, J., and BOYD, S.J.[1]

**MEMORANDUM OPINION**

In this restricted appeal, appellant Delbert G. Morris seeks reversal of a default judgment forfeiting $68,980 to the State of Texas. In seeking a reversal of the trial court's judgment, appellant suggests two issues for our decision. Those issues are: 1) whether he satisfied the requirements for the grant of a restricted appeal, and 2) whether the trial court failed to give him proper notice of hearings on the petition to forfeit and whether that

_____

[1]John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code Ann. §75.002(a)(1) (Vernon 2005).

failure as well as the trial court's death penalty sanction striking appellant's pleadings are errors on the face of the record.  However, for reasons we set out below, we must dismiss this appeal for lack of jurisdiction.

Procedural History

The alleged basis for this proceeding was that the funds in question were contraband seized during the execution of a search warrant and which were used or intended to be used in the commission of a felony.  The proceeding was filed on September 6, 2001.  On March 19, 2003, appellee, the State of Texas, served discovery requests on appellant and, later, on June 2, 2003, filed a  "Motion to Compel Full and Complete Answers to Interrogatories and Request for Disclosure."  On August 15, 2003, after a hearing at which appellant appeared through counsel,  the trial court ordered appellant to answer all the discovery requests not later than October 17, 2003, under penalty of having his pleadings struck if he did not do so.  That deadline was later extended to October 31, 2003.

On November 3, 2003, because of appellant's alleged failure to comply with the discovery requests, appellee filed a motion requesting the trial court to impose the sanctions it had previously threatened if discovery was not complied with.  A hearing on this motion was set for November 24, 2003.  On that date, the court noted on its docket that appellant failed to appear, that he had failed to file responsive answers by the extended deadline, that his late filed answers would not be considered, and that his defensive pleadings were stricken.

On December 2, 2003, appellant filed a "Motion for New Trial/Rehearing Motion for Re-Hearing" in which he pointed out that a response to the requests for interrogatories and

2

disclosure was filed on November 3, 2003, asserted that counsel had not received notice of the November 24, 2003 hearing, and requested that "the Court set aside the judgment of conviction entered in this cause and order a new trial on the merits."

On January 26, 2004, the trial court notified all counsel by letter that he had received a proposed order imposing sanctions and rendering a default judgment. He further advised them that he would consider the proposed order on February 3, 2004, and enter it unless appellant, by written objection, showed good cause why the order should not be entered. On February 3, 2004, appellee filed a "Motion for Default Judgment" with a certification that a copy of the motion had been served on appellant's attorney by certified mail, return receipt requested, on November 25, 2003.

On February 3, 2004, the default judgment giving rise to this appeal was signed by the court. The record shows that a copy of the order imposing sanctions and granting a default judgment was sent to appellant's attorney on February 3, 2004. Appellant's restricted notice of appeal was filed on August 2, 2004.

## Discussion

A restricted appeal, as did its predecessor writ of error, directly attacks a default judgment and prevents this court from indulging in presumptions in support of the judgment. *See Campsey v. Campsey*, 111 S.W.3d 767, 770 (Tex. App.–Fort Worth 2003, no pet.). However, Texas Rule of Appellate Procedure 30 requires that to be entitled to a restricted appeal, a party must meet four requirements. Those requirements are: 1) a notice of restricted appeal must be filed within six months after the judgment is signed, 2) by a party to the lawsuit, 3) who did not participate in the hearing that resulted in the judgment of which the party complains and did not file a timely post-judgment motion, and

3

4) error must be apparent on the face of the record. Tex. R. App. P. 30; *Campsey v. Campsey,* 111 S.W.3d at 770. These requirements are jurisdictional and, if they are not met, will cut off a party's right to seek relief. *Clopton v. Pap*, 66 S.W.3d 513, 515 (Tex. App.–Fort Worth 2001, pet. denied).

In a restricted appeal, the "face of the record" consists of the papers on file with the trial court at the time it rendered judgment. *General Electric Co. v. Falcon Ridge Apts.*, 811 S.W.2d 942, 944 (Tex. 1991). Accordingly, an appellate court may not consider evidence in a restricted appeal unless it was before the court when judgment was rendered. Such a prohibition is appropriate because a restricted appeal directly attacks the judgment rendered. As we have noted, in this case, appellant filed in the trial court the instrument denominated *inter alia* as a motion for new trial. While it was filed before the default judgment was actually granted, it is apparent that it was directed at the events that culminated in the February 3, 2004 judgment. Texas Rule of Civil Procedure 306c specifically provides that no motion for new trial shall be held ineffective because prematurely filed "but every such motion shall be deemed to have been filed on the date of but subsequent to the time of the filing of the judgment. . . . " Tex. R. Civ. P. 306c. Thus, as well as the record being sufficient to show that appellant was cognizant of and participated in some of the trial activities, it also shows that he filed an instrument that would be deemed a post-judgment motion for new trial. Therefore, the record before us is sufficient to show that he is not entitled to bring a restricted appeal. *See Laboratory Corp. of Am. v. Mid-Town Surgical Center*, 16 S.W.3d 527, 528 (Tex. App.–Dallas 2000, no pet.). Appellant was required to file his notice of direct appeal within 90 days after the

4

judgment was signed.  Because he did not do so, and because he is not entitled to a restricted appeal, we have no jurisdiction to consider this appeal.

Accordingly, we must, and do hereby, dismiss this appeal.


John T. Boyd
Senior Justice