**Opinion issued February 25, 2014**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-13-00309-CV

————————————

**MITCHELL M. CARTER A/K/A MITCHELL MESHALL CARTER D/B/A PRODEX, YOLANDA CARTER A/K/A YOLANDA RENEE CARTER, AND PRODEX CREATIVE FLOORS, INC., Appellants**

**V.**

**HOUSTON BUSINESS DEVELOPMENT, INC., Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1003931**

---

## MEMORANDUM OPINION

This appeal arises from a suit on a promissory note. Appellants Mitchell M. Carter, Yolanda Carter, and Prodex Creative Floors, Inc. appeal a post-answer

default judgment entered in favor of appellee Houston Business Development, Inc. (HBD). We affirm.

## Background

Appellants borrowed money from HBD to open a business. Claiming that the borrowers had breached the terms of the promissory note, HBD sued to recover the accelerated amount due.

Appellants requested a jury trial and paid the jury fee. HBD filed an objection to appellants' jury request. It argued that appellants had waived their right to jury trial and agreed that disputes would be decided by bench trial in the "Deed of Trust and Security Agreement" collateralizing the promissory note. Appellants did not respond to the motion. While the trial court initially set the case for jury trial, it later entered an order moving the case to the non-jury docket and setting a different, earlier trial date.

On the day of trial, HBD appeared, but appellants did not. HBD moved for a default judgment, which the court granted. Appellants subsequently filed a motion titled "Motion to Set Aside Default on Submission Entry." They alleged that they had not received notice of the removal of the case from the jury trial docket or the changed date of trial on the non-jury docket. They neither verified the allegations in their motion nor offered evidence to show that they had not received notice of

2

the trial setting. The court denied their motion and entered judgment in favor of HBD.

Appellants timely filed a motion for new trial and notice of appeal. The motion for new trial was unverified and unaccompanied by evidence. The record does not contain a ruling on this motion, which was overruled by operation of law. *See* TEX. R. CIV. P. 329b(c).

## Analysis

Appellants argue that the trial court abused its discretion by transferring the case from the jury docket to the non-jury docket. They further contend that the trial court abused its discretion by refusing to set aside the default judgment.

On August 31, 2012, appellants requested a jury trial and paid the jury fee. HBD filed an objection on October 13, 2012 to appellants' request for jury trial. It relied on the following provision in the "Deed of Trust and Security Agreement" agreed to by appellants:

> Every party to this Deed of Trust hereby expressly waives any right to trial by jury of any claim, action, or cause of action (a) arising under this Deed of Trust or any other instrument, document, or agreement executed or delivered in connection herewith; or (b) in any way connected with or related or incidental to the dealings of the parties hereto or any of them with respect to this Deed of Trust . . . and each party hereby agrees and consents that any such claim, demand, action, or cause of action shall be decided by court trial without a jury . . . .

On October 16, 2012, the court entered an order setting the cause for jury trial April 15, 2013. However, on November 28, 2012, the court heard HBD's objection

and entered an order denying appellants' request for jury trial. The court issued an order the same day setting the case for non-jury trial on February 4, 2013.

When the February 4, 2013 trial date arrived, appellants did not appear. At no time had appellants responded to HBD's objection to their request for jury trial or objected to the court's order moving the case to the non-jury docket.

In their brief, appellants claim that they did not receive notice of the trial setting on the non-jury docket, and that, in particular, HBD's attorney never notified them of the court's order transferring the case to the non-jury docket as the order required, and that one of them was hospitalized at the time the case was transferred to the non-jury docket.

The Texas Rules of Civil Procedure require that a party have notice of a trial setting. TEX. R. CIV. P. 245. Additionally, "Once a defendant has made an appearance in a cause, he entitled to notice of the trial setting as a matter of due process under the Fourteenth Amendment to the federal constitution . . . ." *LBL Oil Co. v. Int'l Power Servs., Inc.*, 777 S.W.2d 390, 390–91 (Tex. 1989) (per curiam).

"The law presumes a trial court hears a case only after proper notice to the parties." *Osborn v. Osborn*, 961 S.W.2d 408, 411 (Tex. App.—Houston [1st Dist.] 1997, writ denied); *accord Felt v. Comerica Bank*, 401 S.W.3d 802, 806 (Tex. App.—Houston [14th Dist.] 2013, no pet.). "To overcome this presumption, the defendant must affirmatively show his lack of notice." *Felt*, 401 S.W.3d at 806

(citing *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.)). "This burden may not be discharged by mere allegations, unsupported by affidavits or other competent evidence, that the appellant did not receive proper notice." *Id.* (quoting *Campsey*, 111 S.W.3d at 772); *see also Fid. & Guar. Ins. Co. v. Drewery Constr. Co.*, 186 S.W.3d 571, 574 (Tex. 2006) (explaining that "default generally must be set aside" when the defendant did not receive the suit papers but that there is an exception to this rule "when nonreceipt is uncorroborated"); *Osborn*, 961 S.W.2d at 413 (defendant did not show that his failure to attend trial was unintentional when he took the stand at hearing but never testified that he did not receive notice).

Since appellants offered no evidence that supports their allegations that they did not receive notice, we adhere to the presumption that notice was received. *See Felt*, 401 S.W.3d at 808–09; *Campsey*, 111 S.W.3d at 773; *Osborn*, 961 S.W.2d at 413. Appellants' issue is overruled. It is therefore unnecessary for us to address appellants' claim that the trial court erred in moving the case to the non-jury docket. In the months preceding the trial date, appellants never argued that transfer of the case to the non-jury docket was improper. Likewise, they did not appear on the date of trial and object to the removal of their case from the jury docket. Indeed, appellants had never responded to HBD's objection to their request for a jury trial. Appellants cannot now complain that the trial court erred when they did

not timely present the reasons underlying their claim of error to the trial court. *See*

TEX. R. APP. P. 33.1(a).

## Conclusion

We affirm the judgment of the trial court.


Michael Massengale
Justice

Panel consists of Chief Justice Radack and Justices Massengale and Huddle.