

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-17-00284-CV
_____

DOROTHY KILGORE, APPELLANT

V.

BARBARA LOPEZ AND GABRIEL LOPEZ, APPELLEES

On Appeal from the 82nd District Court
Falls County, Texas
Trial Court No. CV-39647; Honorable Robert M. Stem, Presiding

August 15, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

This is a restricted appeal wherein Appellant, Dorothy Kilgore, seeks to set aside a default judgment in a Deceptive Trade Practices cause of action filed by Appellees, Barbara Lopez and Gabriel Lopez, arising out of a contract to purchase real property.[1]

---

[1] Originally appealed to the Tenth Court of Appeals, this appeal was transferred to this court by the Texas Supreme Court pursuant to its docket equalization efforts. TEX. GOV'T CODE ANN. § 73.001 (West 2013). Should a conflict exist between precedent of the Tenth Court of Appeals and this court on any relevant issue, this appeal will be decided in accordance with the precedent of the transferor court. TEX. R. APP. P. 41.3.

By a single issue, Kilgore contends she was not properly served in strict compliance with the rules governing issuance, service, and return of citation and such error is apparent on the face of the record. We reverse and remand.

BACKGROUND

The background facts of this case are not relevant to the disposition of the issue before this court. Therefore, we will discuss the facts only as they are pertinent to the discussion of the issue. Suffice it to say that a dispute arose between the parties concerning a real estate transaction involving property in Texas. As a result of that dispute, the Lopezes filed suit against Kilgore, and others, raising various claims.[2] At that time, Kilgore was residing at 11320 Fleet Road, Dinwiddie, Virginia. Because Kilgore was a non-resident, the Lopezes decided to effectuate service of citation, via the Texas Long Arm Statute,[3] by having the Texas Secretary of State attempt service by certified mail, return receipt requested. The Secretary of State forwarded citation to Kilgore on December 14, 2016, by certified mail, return receipt requested. The Lopezes subsequently received notice from the Secretary of State stating that the citation was returned with the notation "return to sender, unclaimed, unable to forward, refused."

On April 24, 2017, the Lopezes filed their *Motion for Entry of Default Judgment*, attaching thereto the "Certificate of Service" from the Texas Secretary of State indicating that service was attempted by forwarding the original petition by certified mail, return receipt requested to:

---

[2] Following entry of the default judgment in question, the Lopezes severed all claims against other parties into a separate cause of action.

[3] TEX. CIV. PRAC. & REM. CODE ANN. § 17.041-.045 (West 2015). Future references to "section" or "§" are references to this statute.

DOROTHY KILGORE
11320 Fleet Road
Dinwiddie, VA 23841

On May 4, 2017, the trial court entered a default judgment in favor of the Lopezes and against Kilgore. At no time did Kilgore appear or otherwise participate in the hearing resulting in the default judgment, and she did not file any post-judgment motions or a request for findings of fact and conclusions of law. On July 20, 2017, less than six months after the judgment was signed, Kilgore filed her notice of restricted appeal. *See* TEX. R. APP. P. 30.

RESTRICTED APPEALS

A restricted appeal is considered a direct attack on a default judgment. *Eguia v. Eguia*, 367 S.W.3d 455, 458 (Tex. App.—Corpus Christi 2012, no pet.). A party may prevail in a restricted appeal only if the following conditions are satisfied: (1) a notice of the restricted appeal was filed within six months after the judgment was signed; (2) the appellant was a party to the underlying lawsuit; (3) the appellant did not participate in the hearing that resulted in the complained-of judgment; (4) the appellant did not timely file any post-judgment motions or a request for findings of fact and conclusions of law; and (5) error is apparent on the face of the record. *Alexander v. Lynda's Boutique*, 134 S.W.3d 845, 848 (Tex. 2004) (citing TEX. R. APP. P. 26.1(c), 30, and *Quaestor Invs., Inc. v. State of Chiapas*, 997 S.W.2d 226, 227 (Tex. 1999) (per curiam)). No one disputes the existence of the first four elements. Accordingly, we need only discuss the last element, i.e., whether error is apparent on the face of the record.

3

ERROR APPARENT ON THE FACE OF THE RECORD

In a restricted appeal, the "face of the record" consists of the papers on file with the trial court when it rendered judgment, including the clerk's and reporter's records. *Miles v. Peacock*, 229 S.W.3d 384, 387 (Tex. App.—Houston [1st Dist.] 2007, no pet.); *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.). Accordingly, an appellate court may not consider evidence in a restricted appeal unless it was before the trial court when judgment was rendered. *Campsey*, 111 S.W.3d at 771.

Because the judgment in question is a default judgment, the record must reflect strict compliance with the rules governing the issuance of citation, the manner of its service, and the return of service. *See Primate Constr.*, *Inc. v. Silver*, 884 S.W.2d 151, 152 (Tex. 1994) (holding that "[f]or well over a century, this court has required that strict compliance with the rules for service of citation affirmatively appear on the record in order for a default judgment to withstand direct attack"). *See also Norwood v. Hudson's Grill Int'l*, No. 07-99-0164-CV, 2002 Tex. App. LEXIS 7493, at *3 (Tex. App.—Amarillo Oct. 17, 2002, no pet.) (mem. op.). Here, because service of process was attempted upon Kilgore (a non-resident) via the Texas Long Arm Statute; §§ 17.041-.045, the Lopezes had to strictly comply with the provisions of that statute, as well as the applicable Rules of Civil Procedure. *See* TEX. R. CIV. P. 99-124.

Kilgore contends the Lopezes did not strictly comply with the requirement that the party seeking to serve process upon a non-resident individual furnish the Secretary of State with documents containing "the name and address of the non-resident's home." § 17.045(a). Kilgore contends the record is insufficient to satisfy that requirement because the *Certificate of Last Known Address* attached to the Lopezes' *Motion for Entry of Default*

4

*Judgment* did not identify what address was actually provided to the Secretary of State, nor did it state that any address provided was Kilgore's "home." The Lopezes respond by contending that the address provided to the Secretary of State was not the address contained in the *Certificate of Last Known Address*, but was, instead, the address provided in the *Original Petition*, wherein the Lopezes alleged that "[Kilgore] is an individual residing at 11320 Fleet Road, Dinwiddie, Virginia 23841." Kilgore counters this argument by contending that where a person "resides" is not the functional equivalent of where someone's "home" is. Several courts, including this court, have held that a statement that a non-resident defendant "resides" at a particular address is not the same as a statement of that defendant's "home" for purposes of the Texas Long Arm Statute. *See Norwood*, 2002 Tex. App. LEXIS 7493, at *4.

Kilgore further argues that, even assuming that where one "resides" is sufficient to satisfy the requirements of strict compliance with where one's "home" is, the Lopezes failed to show Kilgore actually received the service of citation because the record affirmatively reflects that the notice mailed by the Secretary of State was returned undelivered. The Lopezes answer this argument by contending that actual service of citation is not required so long as they strictly followed the statutory procedure for service by certified mail, return receipt requested. Relying on *Salas v. Chris Christensen Sys., Inc.*, No. 10-11-00107-CV, 2011 Tex. App. LEXIS 7530, at *9 (Tex. App.—Waco Sept. 14, 2011, no pet.) (mem. op.), the Lopezes contend the non-resident's refusal or failure to claim a certified letter from the Secretary of State does not deprive the trial court of personal jurisdiction under the Texas Long Arm Statute if the party seeking service of process has followed a statutory process that is reasonably calculated to apprise the party being served with notice of the pending action. In reaching that result, however, we

should note that the *Salas* court stated that it was "noteworthy" that Salas had filed an answer (thereby making an appearance) prior to entry of the default judgment.

The above arguments notwithstanding, a reviewing court is required to liberally construe an appellant's arguments "as covering every subsidiary question that is fairly included" within the confines of the arguments presented. *See* TEX. R. APP. P. 38.1(f). Here, Kilgore contends the "record fails to show strict compliance with the rules of [sic] governing issuance, service, and return of citation." In that regard, the record affirmatively shows that there was no return of service in compliance with Rule 107 of the Texas Rules of Civil Procedure prior to entry of the default judgment in question. *See* TEX. R. CIV. P. 107(h). Rule 107(h) provides that "[n]o default judgment shall be granted in any cause until proof of service as provided by this rule or by Rules 108 or 108a . . . shall have been on file with the clerk of the court ten days, *exclusive of the day of filing and the day of judgment.*" *Id.* at 107(h) (Emphasis added).

Here, the record affirmatively shows that the "Certificate of Service" from the Secretary of State was not filed with the clerk until it was filed as an attachment to the Lopezes's *Motion for Entry of Default Judgment* on April 24, 2017. Because the default judgment at issue was entered on May 4, 2017, only nine days *exclusive* of the day of filing and day of judgment, the Lopezes did not strictly comply with the rules pertaining to the return of citation necessary for a default judgment. In the absence of strict compliance, the default judgment entered in this cause cannot stand. Kilgore's issue is sustained.

CONCLUSION

The trial court's judgment is reversed and the cause is remanded for further proceedings.

Patrick A. Pirtle
Justice

Quinn, C.J., concurring in the result.