COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| IN THE INTEREST | § | No. 08-18-00117-CV |
| OF S.C.B., JR., | § | Appeal from the |
| A CHILD. | § | 383rd District Court |
|  | § | of El Paso County, Texas |
|  | § | (TC# 2016DCM6044) |
|  | § | |

## **O P I N I O N**

S.C.B., Sr., *pro se,* brings this restricted appeal from a default order in a suit affecting the parent-child relationship. Appellant challenges the portions of the order appointing him as the possessory conservator, establishing visitation, and ordering that he pay retroactive child support. The Attorney General's Office filed a letter brief conceding that the retroactive child support order is erroneous, but it does not take any position with respect to the conservatorship and visitation issues. B.N., the child's mother, has not filed a brief.[1] We affirm in part and reverse and remand in part.

### **FACTUAL SUMMARY**

In March 2017, the Texas Attorney General's Office filed a SAPCR petition alleging that Appellant is the father of S.C.B., Jr. because he had executed an Acknowledgement of Paternity

---

[1] In order to protect the identity of the child, the opinion will refer to S.C.B., Sr. as Appellant, to B.N. by her initials, and to S.C.B., Jr. by his initials or simply as "the child." *See* TEX.R.APP.P. 9.10.

which was filed with the Vital Statistics Unit. *See* TEX.FAM.CODE ANN. § 160.305(a) ("Except as provided by Sections 160.307 and 160.308, a valid acknowledgment of paternity filed with the vital statistics unit is the equivalent of an adjudication of the paternity of a child and confers on the acknowledged father all rights and duties of a parent."). The petition further alleged that Appellant and B.N. had separated and it requested that the court appoint conservators pursuant to Section 153.005 of the Family Code. *See* TEX.FAM.CODE ANN. § 153.005. The Attorney General also requested that the court order appropriate current and retroactive child support, including temporary support. Appellant appeared at the October 3, 2017 hearing on temporary orders, and he agreed to the temporary orders entered by the court. Despite being given notice, Appellant did not appear at the hearing on February 6, 2018. The trial court signed the default order on February 7, 2018. Appellant filed notice of restricted appeal on July 3, 2018.

## RESTRICTED APPEAL

In four related issues, Appellant challenges the default judgment entered by the trial court. A party can prevail in a restricted appeal only if: (1) he filed notice of the restricted appeal within six months after the judgment was signed; (2) he was a party to the underlying lawsuit; (3) he did not participate in the hearing that resulted in the judgment complained of and did not timely file any post-judgment motions or requests for findings of fact and conclusions of law; and (4) error is apparent on the face of the record. TEX.R.APP.P. 26.1(c), 30; *Insurance Company of State of Pennsylvania v. Lejeune*, 297 S.W.3d 254, 255 (Tex. 2009). In a restricted appeal, the face of the record consists of all papers on file in the appeal, including the reporter's record. *Norman Communications v. Texas Eastman Company*, 955 S.W.2d 269, 270 (Tex. 1997). Because a restricted appeal directly attacks the judgment rendered, an appellate court may not consider evidence in a restricted appeal unless it was before the trial court when the default judgment was

rendered. *Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex.App.--Fort Worth 2003, no pet.). Appellant has met the first three elements. The only issue is whether error is apparent on the face of the record.[2]

*Factual Statements in Appellant's Brief*

Appellant's brief includes several factual statements about his relationship with B.N., the parties' conduct both before and during the case, and the reason for his failure to attend the hearing. There is no evidentiary support for these statements in the record. We are not permitted to consider these statements in evaluating whether there is error on the face of the record. *See Perry v. S.N.*, 973 S.W.2d 301, 303 (Tex. 1998) (an appellate court may not consider factual assertions that appear solely in the appellate briefs and not before the trial court).

*Retroactive Child Support*

The trial court ordered retroactive child support in the total amount of $67,035 for the period between October 1, 2008 and October 31, 2017, and it granted judgment to the Attorney General's Office for that amount. Under Section 154.131(c) of the Family Code, it is presumed that a court order limiting the amount of retroactive child support to an amount that does not exceed the total amount of support that would have been due for the four years preceding the date the petition seeking support was filed is reasonable and in the best interest of the child. *See* TEX.FAM.CODE ANN. § 154.131(c). This presumption can be rebutted by evidence that the obligor (1) knew or should have known that the obligor was the father of the child for whom support is sought; and (2) sought to avoid the establishment of a support obligation to the child. TEX.FAM.CODE ANN. § 154.131(d). The Attorney General's Office concedes that there is

---

[2] Appellant's brief presents the four elements of a restricted appeal as four separate issues. A party must establish all four elements of a restricted appeal in order to prevail on appeal. *See* TEX.R.APP.P. 26.1(c), 30. Accordingly, we will address and dispose of these issues as a group.

insufficient evidence to prove that Appellant avoided the child support obligation. Consequently, we find that there is error on the face of the record with regard to the award of retroactive child support.

*Conservatorship*

Appellant argues that the trial court abused its discretion by appointing B.N. as the sole managing conservator of the child. The trial court found that appointment of Appellant and B.N. as joint managing conservators was not in the child's best interest, and it appointed B.N. as sole managing conservator.

There is a rebuttable presumption that the appointment of the parents as joint managing conservators is in the best interest of a child. TEX.FAM.CODE ANN. § 153.131(b); *Lide v. Lide*, 116 S.W.3d 147, 152 (Tex.App.--El Paso 2003, no pet.). The parent seeking to be named sole managing conservator has the burden to rebut this presumption. *Turrubiartes v. Olvera*, 539 S.W.3d 524, 528 (Tex.App.--Houston [1st Dist.] 2018, pet. denied); *Lide*, 116 S.W.3d at 152. In deciding whether the presumption has been rebutted, the trial court must consider:

(1) whether the physical, psychological, or emotional needs and development of the child will benefit from the appointment of joint managing conservators;

(2) the ability of the parents to give first priority to the welfare of the child and reach shared decisions in the child's best interest;

(3) whether each parent can encourage and accept a positive relationship between the child and the other parent;

(4) whether both parents participated in child rearing before the filing of the suit;

(5) the geographical proximity of the parents' residences;

(6) if the child is 12 years of age or older, the child's preference, if any, regarding the person to have the exclusive right to designate the primary residence of the child; and

(7) any other relevant factor.

TEX.FAM.CODE ANN. § 153.134(a); *Turrubiartes*, 539 S.W.3d at 528-29.

B.N. testified that their twelve-year-old son has lived with her since birth. B.N. and Appellant lived together off and on during her pregnancy and for a short time after the child's birth. Even though B.N. has given Appellant full access to the child over the years, Appellant has not been involved in his life at all. Appellant has typically visited the child only once a year for a couple of days while the child is visiting his paternal grandparents. Appellant has not attended the child's activities and he has not been involved in caring for the child who has asthma. Further, Appellant has never paid child support and he only recently began providing medical insurance for the child. Appellant and B.N. agreed to the temporary orders naming B.N. as the sole managing conservator of the child. Once the temporary orders were in place, Appellant began calling school officials excessively and engaged in harassing and verbally abusive contact with B.N. and the child. As a result, B.N. had to call the police and obtain counseling for both her and the child. B.N. testified that she had to obtain a protective order which prohibited visitation by Appellant. There is also evidence in the record that Appellant lives in Desoto, Texas which is over 600 miles from El Paso where B.N. and the child reside. There is no evidence in the record regarding the child's preference regarding which parent has the exclusive right to designate his primary residence.

The evidence supports a conclusion that the parents are unable to work together in the best interests of the child and they could not share in decision-making or promote a positive relationship with the other parent. Further, Appellant never participated in child-rearing before the suit was filed and he visited with the child only infrequently. Appellant's failure to be involved in his son's life demonstrates an unwillingness and inability to act in his son's best interest. We conclude that the evidence is sufficient to support the trial court's finding that the appointment of Appellant and

- 5 -

B.N. as joint managing conservators is not in the best interest of the child. The trial court did not abuse its discretion by appointing B.N. as the sole managing conservator of the child. *See Lide*, 116 S.W.3d at 153-55.

*Deviation from Standard Possession Order*

Appellant also challenges the trial court's decision to deviate from a standard possession order. The information available to the trial court indicated that Appellant and B.N. lived more than 100 miles apart. Under Section 153.313, the standard possession order provides for visitation on the first, third, and fifth weekends. *See* TEX.FAM.CODE ANN. § 153.313(1). The trial court ordered that Appellant have visitation on four weekends of his choice during the year, but he is required to give B.N. thirty days' notice of the requested visitation.

There is a rebuttable presumption that a standard possession order is in the best interest of the child. TEX.FAM.CODE ANN. § 153.252. A court may deviate from the terms of the standard order, if those terms would be unworkable or inappropriate and contrary to the child's best interest. TEX.FAM.CODE ANN. § 153.253. The trial court may consider (1) the age, developmental status, circumstances, needs, and best interest of the child; (2) the circumstances of the managing conservator and of the parent named as a possessory conservator; and (3) any other relevant factor. TEX.FAM.CODE ANN. § 153.256.

Appellant contends that the possession order is an abuse of discretion because the evidence fails to show that he is a danger to the child's physical or emotional health. The Family Code does not require that a trial court make a predicate finding of endangerment before it deviates from the standard possession order. *See* TEX.FAM.CODE ANN. §§ 153.253, 153.256. This argument is without merit.

Appellant also argues that the trial court abused its discretion by deviating from the standard possession order because the order does not specify the four weekends on which he can exercise his right to visitation. The possession order gives Appellant the ability to choose the weekends provided that he gives B.N. at least thirty days' notice of the requested visitation. Appellant has failed to show that this aspect of the order is an abuse of discretion.

Having found merit in Appellant's argument that the trial court erred by awarding retroactive child support for more than four years, we reverse that part of the SAPCR order awarding retroactive child support and remand the cause to the trial court for further proceedings related to the retroactive child support issue. Having found no merit in Appellant's other challenges to the SAPCR order, we overrule Issues One through Four and affirm the order in all other respects.

GINA M. PALAFOX, Justice

July 17, 2019

Before McClure, C.J., Rodriguez, and Palafox, JJ.