

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-24-00033-CV

---

IN THE MATTER OF THE MARRIAGE OF
MARY CAROLINE GUGGENHEIM AND ERIK WADE GUGGENHEIM

---

On Appeal from the 43rd District Court
Parker County, Texas
Trial Court No. CV23-0983

---

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Chief Justice Stevens

MEMORANDUM OPINION

Erik Wade Guggenheim appeals from a final decree divorcing him from Mary Caroline Guggenheim. On appeal, Erik argues that the trial court erred by entering judgment in accordance with a marital settlement agreement (MSA) because (1) the judgment was entered without notice and a hearing and (2) he revoked his agreement to the settlement.[1] Because we find that Erik was entitled to notice and a hearing, we reverse the trial court's judgment.

## I.       Factual and Procedural Background

Erik and Mary had been married since March 6, 2021. The two stopped living together on January 17, 2023. There were no children of the marriage and, on January 28, Erik and Mary entered into an MSA.

In June 2023, Mary filed a petition for divorce from Erik, attached the MSA, and asked the trial court to divide the marital estate in accordance with its terms. The MSA was signed by both Mary and Erik, and their signatures were acknowledged by a notary public. Mary and Erik also initialed each page of the MSA. Pursuant to the terms of the MSA, the parties agreed to divide their community property and liabilities, including real and personal property, business interests, and debts. The MSA noted that it was binding, and both Erik and Mary acknowledged that they understood the provisions of the MSA and agreed to it voluntarily.

In response to Mary's petition, Erik filed a counter-petition for divorce. In his counter-petition, Erik accused Mary of adultery and sought a just and right division of the marital estate. When Mary moved for the trial court to sign a decree of divorce based on the MSA, Erik filed a

---

[1]Originally appealed to the Second Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Second Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

2

document purporting to repudiate his agreement to it. In writing, Erik agreed that he was a party to the MSA and had signed it but argued that it was not binding under the Texas Family Code. He then moved the trial court to set aside the MSA. This prompted Mary to amend her petition to include a claim for anticipatory breach of the MSA.

Mary filed a brief with the trial court in support of upholding the MSA, while Erik submitted briefing in support of his request to set aside the MSA. On March 4, 2024, the trial court entered an order upholding the MSA. On March 13, 2024, Mary filed a proposed final decree of divorce along with a letter asking the trial court to sign it if no objection was received within ten days thereof. No objection was brought by Erik. As a result, on March 26, without notice or a hearing, the trial court entered the decree of divorce dividing the community assets in accordance with the MSA.

## I.      Due Process Required Notice and a Hearing

In his first point of error on appeal, Erik argues that the trial court erred in rendering judgment in this contested case without notice and a hearing, which violated his right to due process. We agree.

Under Rule 245 of the Texas Rules of Civil Procedure, "[t]he Court may set *contested* cases . . . with reasonable notice of *not less than forty-five days* to the parties of a first setting for trial, or by agreement of the parties." *Highsmith v. Highsmith*, 587 S.W.3d 771, 777 (Tex. 2019) (per curiam) (quoting TEX. R. CIV. P. 245). Only "[*n*]*oncontested* cases may be tried or disposed of at *any time* whether set or not." *Id.* (quoting TEX. R. CIV. P. 245). When, as in this case, "a party files an answer, he makes an appearance and places in issue the matters raised in the

plaintiff's petition, and the case becomes contested." *M.B. v. R.B.*, No. 02-19-00342-CV, 2021 WL 2252792, at *4 (Tex. App.—Fort Worth June 3, 2021, no pet.) (mem. op.) (citing *Highsmith*, 587 S.W.3d at 777). As a result, "due process rights are violated when a judgment is subsequently entered without the party having received notice of the setting of the case." *In re K.M.L.*, 443 S.W.3d 101, 119 (Tex. 2014).

In response to Erik's appellate argument, Mary does not argue that there was proper notice and a hearing. Instead, Mary argues that Erik failed to preserve this issue for appeal. But "[d]ue process demands that a party be afforded 'an opportunity to be heard at a meaningful time and in a meaningful manner.'" *Highsmith*, 587 S.W.3d at 778 (quoting *Univ. of Tex. Med. Sch. at Houston v. Than*, 901 S.W.2d 926, 930 (Tex. 1995)). For this reason, the Texas Supreme Court has written that "a lack of notice violates basic principles of due process." *Id.* (citing *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84 (1988) (explaining that a "[f]ailure to give notice violates 'the most rudimentary demands of due process of law'")); *see Campsey v. Campsey*, 111 S.W.3d 767, 771 (Tex. App.—Fort Worth 2003, no pet.) ("A trial court's failure to comply with the rules of notice in a contested case deprives a party of the constitutional right to be present at the hearing and to voice his objections in an appropriate manner, and results in a violation of fundamental due process."). While it is true that "[t]he due process right to notice prior to judgment is subject to waiver," "such waiver must be voluntary, knowing, and intelligently waived." *In re K.M.L.*, 443 S.W.3d at 119.

With this in mind, we turn to Mary's argument that Erik waived his due process argument by failing to object to her proposed final decree of divorce. The record shows that Mary filed the

proposed decree along with a letter asking the trial court to sign it if no objection was received within ten days thereof. Even so, the letter did not absolve the trial court of its requirement to provide notice comporting with due process or its requirement under Rule 245 to give Erik no less than forty-five days' notice. Moreover, Mary has cited no case supporting the proposition that failing to object to an opposing party's letter providing only ten days' notice results in a knowing, intelligent, or voluntary waiver of his right to fundamental due process or to notice under Rule 245, and we have found none.

Next, Mary notes that the proposed final decree, which her counsel drafted and the trial court signed, contained a notation that both Mary and Erik failed to appear. Mary argues that that creates a presumption in her favor since a "trial court presumably will hear a case only when notice has been given to the parties." *Campsey*, 111 S.W.3d at 771. "To overcome this presumption, an appellant must affirmatively show lack of notice." *Id.* Here, Erik has overcome that presumption because the record affirmatively shows that the trial court entered judgment without notice and a hearing. *See M.B.*, 2021 WL 2252792, at *4 (reversing the trial court's judgment on an MSA because it was contested and required "reasonable notice of at least 45 days of a final hearing").[2]

---

[2]We note that the cases cited by Mary in her main brief are easily distinguishable from this one. For example, *Daily v. Smith* was a Rule 91a case in which we found lack of notice issues unpreserved where the record showed that, "[o]n October 16, 2023, Smith filed a notice of hearing that the Rule 91a motion would be heard on November 20, 2023," that notice was emailed to Daily, and Daily argued that he was not served for the first time on appeal. *Daily v. Smith*, No. 06-23-00093-CV, 2024 WL 2813323, at *1 (Tex. App.—Texarkana June 3, 2024, pet. filed) (mem. op.). Similarly, the issue in *In re Matter of Marriage of Tyeskie* did not involve the fundamental right to notice of a final hearing, but rather, the turnover statute, which "itself [did] not require notice and a hearing prior to issuance of a turnover order." *In re Matter of Marriage of Tyeskie*, 558 S.W.3d 719, 725 (Tex. App.—Texarkana 2018, pet. denied) (quoting *Williams Farms Produce Sales, Inc. v. R & G Produce Co.*, 443 S.W.3d 250, 256 (Tex. App.—Corpus Christi–Edinburg 2014, no pet.)). The next cited case, *Bell v. Citibank (S. Dakota) N.A.*, involved a summary judgment proceeding where we found that the record showed proper notice. *Bell v. Citibank (S. Dakota)*

The fact that an MSA is involved does not alter our analysis. The Texas Supreme Court has explained that "the mere existence of the parties' settlement agreement does not characterize the proceedings as uncontested" since there was a general denial placing the matter "in issue." *Highsmith*, 587 S.W.3d at 777. Here, Erik's general denial and his motion to revoke his agreement to the MSA "moved the case into the 'contested' category," which entitled Erik to notice of a final hearing. *Id.*

In affirming our sister court's reversal of a trial court judgment based on lack of notice, *Highsmith* explained the following:

> [W]hile a hearing to prove up an MSA may often be uneventful, that is certainly not always the case: judgment on an MSA is not automatic. Parties challenging an MSA may still avail themselves of applicable statutory defenses or otherwise argue that the agreement should be set aside. Indeed, the fact that MSAs are frequently litigated, as here, illustrates that disputes may still arise post-execution. This is hardly surprising given the high-stakes, emotionally driven nature of family law cases. Thus, we cannot agree that once an MSA is signed, there is necessarily nothing left for the court to resolve, making the rendition of judgment a mere formality.

---

*N.A.*, No. 06-06-00037-CV, 2006 WL 3091361, at *2 (Tex. App.—Texarkana Nov. 2, 2006, no pet.) (mem. op.). Another cited case did not involve Rule 254 because it was a summary judgment case. *See Young v. Bella Palma, LLC*, No. 14-17-00040-CV, 2022 WL 578442, at *6 (Tex. App.—Houston [14th Dist.] Feb. 25, 2022, no pet.) (mem. op.).

Next, while Mary cites several Rule 245 cases for the proposition that a party must complain of insufficient notice to preserve error, those cases all involve situations where the trial court provided notice and are rooted in the principle that "[a] party may waive a complaint [under Rule 245] by failing to take action when the party receives some, but less than forty-five days['] notice." *Kinara v. Ongera*, No. 02-22-00068-CV, 2022 WL 17037421, at *6 (Tex. App.—Fort Worth Nov. 17, 2022, no pet.) (mem. op.) (second and third alterations in original) (quoting *Custom-Crete, Inc. v. K-Bar Servs., Inc.*, 82 S.W.3d 655, 659 (Tex. App.—San Antonio 2002, no pet.)) (noting that there was more than forty-five days from the first trial setting and twenty days from the second setting); *see In re A.D.A.*, 287 S.W.3d 382, 387 (Tex. App.—Texarkana 2009, no pet.) (finding error waived where trial court sent notices and party appeared at the final hearing but failed to secure a ruling on his complaint of lack of sufficient notice); *Stone v. Stone*, No. 02-18-00163-CV, 2020 WL 3410502, at *4 (Tex. App.—Fort Worth May 28, 2020, pet. denied) (mem. op.) (party received only twenty-nine days' notice); *Padilla v. Comm'n for Law. Discipline*, 87 S.W.3d 624, 626 (Tex. App.—San Antonio 2002, pet. denied) (party received some notice by registered mail). Here, no notice was provided at all.

. . . . Applying those principles here, we hold that [Respondent] was entitled to notice of the hearing so that she could have the opportunity to contest the parties' MSA prior to rendition of judgment. *Rogers* [*v. Tex. Com. Bank-Reagan*,] 755 S.W.2d [83,] 84 [(Tex. 1988) (per curiam)] (holding that a trial without notice to the appearing defendant violated the defendant's due process rights under the Texas Constitution).

*Highsmith*, 587 S.W.3d at 778 (citations omitted).

As in *Highsmith*, and for the same reasoning used in that case, we find that "[f]ailure to provide notice of a trial setting to a party who has appeared in the case 'violates basic principles of due process,' warranting a new trial." *Wade v. Valdetaro*, No. 23-0443, 2024 WL 3996110, at *2 (Tex. Aug. 30, 2024) (per curiam) (quoting *Highsmith*, 587 S.W.3d at 778). Accordingly, we sustain Erik's first point of error, which is dispositive of his remaining issue. *See M.B.*, 2021 WL 2252792, at *6.[3]

## III. Conclusion

Because "the remedy for a deprivation of due process is due process," we reverse the trial court's judgment and remand the case for a new trial with proper notice. *Highsmith*, 587 S.W.3d at 778 (quoting *Mosley v. Tex. Health & Hum. Servs. Comm'n*, 593 S.W.3d 250, 254 (Tex. 2019)); *see M.B.*, 2021 WL 2252792, at *6.

Scott E. Stevens
Chief Justice

Date Submitted: September 16, 2024
Date Decided: October 15, 2024

---

[3]Erik readily acknowledges that, if his first point is sustained, "[f]rankly, the Court should not even address the remaining issues in [his] brief."

7